FAXSR: At 10/23/2002 11:40:04 AM Page 2

DOCKET FILE COPY ORIGINAL

WC 02-361

Before the
FEDERAL COMMUNICATIONS COMMISSION
Washington, D.C. 20554

**RECEIVED**

OCT 1 8 2002

FEDERAL COMMUNICATIONS COMMISSION
OFFICE OF THE SECRETARY

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| Petition for Declaratory Ruling that AT&T's | ) |
| Phone-to-Phone IP Telephony Services Are | ) |
| Exempt from Access Charges | ) |

---

## PETITION FOR DECLARATORY RULING THAT AT&T'S PHONE–TO–PHONE IP TELEPHONY SERVICES ARE EXEMPT FROM ACCESS CHARGES

---

David W. Carpenter
Sidley Austin Brown & Wood
Bank One Plaza
10 S. Dearborn
Chicago, Illinois 60603
(312) 853-7237

David L. Lawson
Julie M. Zampa
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 7368000

Mark C. Rosenblum
Lawrence J. Lafaro
Judy Sello
AT&T Corp.
Room 3A229
900 Route 202/206 North
Bedminster, New Jersey 07921
(908) 532-1846

October 18, 2002





**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

January 24, 2003

VIA ELECTRONIC FILING

Ms. Magalie Roman Salas
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: Notice of Ex Parte Presentation
  In the Matter of Review of Section 251 Unbundling Obligations of Incumbent
  Local Exchange Carriers and Implementation of the Local Competition Provisions
  in the Local Telecommunications Act of 1996, CC Docket Nos. 01-338; 96-98;
  98-147

  In the Matter of Appropriate Framework for Broadband Access to the Internet
  Over Wireline Facilities, CC Docket Nos. 02-33; 95-20; 98-10

  In the Matter of AT&T Corp. Petition for Rulemaking To Reform Regulation Of
  Incumbent Local Exchange Carrier Rates For Interstate Special Access Services,
  RM 10593

  In the Matter of Petition for Declaratory Ruling that AT&T's Phone-to-Phone IP
  Telephony Services Are Exempt from Access Charges. WC Docket No. 02-361

  In the Matters of the 1993, 1994, and 1996 Annual Access Tariff Filings, CC
  Docket No. 93-193

Dear Ms. Salas,

  On Thursday January 23, I met with Bill Maher, Chief of the Commission's
Wireline Competition Bureau, to discuss issues related to the aforementioned
proceedings.  During the course of those discussions, we explained AT&T's position on
why unbundling networks elements in general, and switching in particular, is necessary to
bring competition to the mass market and to sustain existing competition in the consumer
long distance market.  I also explained the necessity of requiring the unbundling of
switching until the significant economic impairments that AT&T has identified in the

Before the
**FEDERAL COMMUNICATIONS COMMISSION**
Washington, D.C. 20554

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| Petition for Declaratory Ruling that AT&T's | ) |
| Phone-to-Phone IP Telephony Services Are | ) |
| Exempt from Access Charges | ) |
| | ) |

WC Docket No. 02-361

## REPLY COMMENTS OF AT&T CORP.

David W. Carpenter
Sidley Austin Brown & Wood
Bank One Plaza
10 S. Dearborn
Chicago, Illinois  60603
(312) 853-7237

David L. Lawson
Richard D. Klingler
Julie M. Zampa
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

Mark C. Rosenblum
Lawrence J. Lafaro
Judy Sello
AT&T Corp.
Room 3A229
One AT&T Way
Bedminster, New Jersey  07921
(908) 532-1846

January 24, 2003



**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

September 22, 2003

**Via Electronic Filing**

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC  20554

Re:    Notice of *Ex Parte* Presentation:  CC Docket No. 01-92; WC Docket No. 02-361
CC Docket Nos. 02-33, 95-20, 98-10

Dear Ms. Dortch:

On September 17, 2003, Hossein Eslambolchi, Robert Quinn and I met with Commissioner Michael J. Copps and his legal advisor, Jessica Rosenworcel.  AT&T discussed generally the status of technology surrounding all communications over internet procol and reiterated its position that its phone-to-phone IP telephony services must continue to be exempt from arcane, uneconomic and bloated switched access charges.  AT&T reviewed the network evolution of services provided over IP and how the Commission's "wait and see" policy concerning IP telephony services has been an incentive to carriers to invest in advanced network architectures.  The attached document was used as an outline of that discussion.

At various points during our discussion we touched on issues related to the Commission's on-going Wireline Broadband proceeding and our discussion was consistent with our prior written submissions in that proceeding.

Consistent with the Commission rules, I am filing one electronic copy of this notice and request that you place it in the record of the proceedings.

Sincerely,

*Patrick H. Merrick*

Attachment

cc:    Commissioner Michael J. Copps
Jessica Rosenworcel



**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

<u>**Via Electronic Filing**</u>

September 22, 2003

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC  20554

Re:    Notice of *Ex Parte* Presentation:  CC Docket No. 01-92; WC Docket No. 02-361
CC Docket Nos. 02-33, 95-20, 98-10

Dear Ms. Dortch:

On September 17, 2003, Hossein Eslambolchi, Robert Quinn and I met with Christopher Libertelli, senior legal advisor to Chairman Michael K. Powell.  AT&T discussed generally the status of technology surrounding all communications over internet procol and reiterated its position that its phone-to-phone IP telephony services must continue to be exempt from arcane, uneconomic and bloated switched access charges.  AT&T reviewed the network evolution of services provided over IP and how the Commission's "wait and see" policy concerning IP telephony services has been an incentive to carriers to invest in advanced network architectures.  The attached document was used as an outline of that discussion.

At various points during our discussion we touched on issues related to the Commission's on-going Wireline Broadband proceeding and our discussion was consistent with our prior written submissions in that proceeding.

Consistent with the Commission rules, I am filing one electronic copy of this notice and request that you place it in the record of the proceedings.

Sincerely,

Patrick H. Merrick

Attachment

cc:    Christopher Libertelli



**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

September 22, 2003

<u>**Via Electronic Filing**</u>

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC  20554

      Re:     Notice of *Ex Parte* Presentation:  CC Docket No. 01-92; WC Docket No. 02-361
                 CC Docket Nos. 02-33, 95-20, 98-10

Dear Ms. Dortch:

      On September 17, 2003, Hossein Eslambolchi, Robert Quinn and I met with Commissioner Jonathan S. Adelstein and his acting legal advisor, Scott Bergmann.  AT&T discussed generally the status of technology surrounding all communications over internet procol and reiterated its position that its phone-to-phone IP telephony services must continue to be exempt from arcane, uneconomic and bloated switched access charges.  AT&T reviewed the network evolution of services provided over IP and how the Commission's "wait and see" policy concerning IP telephony services has been an incentive to carriers to invest in advanced network architectures.  The attached document was used as an outline of that discussion.

      At various points during our discussion we touched on issues related to the Commission's on-going Wireline Broadband proceeding and our discussion was consistent with our prior written submissions in that proceeding.

      Consistent with the Commission rules, I am filing one electronic copy of this notice and request that you place it in the record of the proceedings.

                        Sincerely,

                        *Patrick H. Merrick*

Attachment

cc:     Commissioner Jonathan S. Adelstein
        Scott Bergmann



**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

November 5, 2003

<u>**Via Electronic Filing**</u>

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC  20554

      Re:    Notice of *Ex Parte* Presentation:  CC Docket No. 01-92; WC Docket No. 02-361
              CC Docket Nos. 02-33, 95-20, 98-10

Dear Ms. Dortch:

      Yesterday, Nobember 4, 2003, Hossein Eslambolchi, Robert Quinn and I met with Commissioner Kathleen Q. Abernathy and her senior legal advisor, Matthew Brill.  AT&T discussed generally the status of technology surrounding all communications over internet procol and reiterated its position that its phone-to-phone IP telephony services must continue to be exempt from arcane, uneconomic and bloated switched access charges.  AT&T reviewed the network evolution of services provided over IP and how the Commission's "wait and see" policy concerning IP telephony services has been an incentive to carriers to invest in advanced network architectures.  The attached document was used as an outline of that discussion.

      At various points during our discussion we touched on issues related to the Commission's on-going Wireline Broadband proceeding and our discussion was consistent with our prior written submissions in that proceeding.

      Consistent with the Commission rules, I am filing one electronic copy of this notice and request that you place it in the record of the proceedings.

                         Sincerely,

Attachment

cc:      Commissioner Kathleen Q. Abernathy
           Matthew Brill



Patrick H. Merrick, Esq.
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

December 8,  2003

**Via Electronic Filing**

Marlene H. Dortch
Secretary
Federal Communications Commission
445 Twelfth Street, SW
Washington, DC  20554

> Re:    *Notice of Ex Parte Presentation:*  CC Docket Nos. 01-92, 96-262; WC
> Docket No. 02-361.

Dear Ms. Dortch;

On Friday, December 5, 2003 Robert Quinn Jr. and I met with Matthew Brill, Senior Legal Advisor to Commissioner Kathleen Q. Abernathy to discuss the above mentioned petitions.  AT&T urged the FCC to deny the US LEC petition as it seeks the ability to impose additional access charges on interexchange carriers, when in fact, the CLEC provides no access service or functionality.  Where a CLEC simply inserts itself between the CMRS provider and the ILEC tandem, it provides no genuine access function and should not be permitted to charge the interexchange carrier access.  In the situation where a CLEC actually replaces the ILEC in providing the tandem switching or other genuine access functions, the CLEC should only be permitted to charge the ILEC rate for the access functions that are actually being performed by the CLEC, not the full CLEC benchmark rate as requested by US LEC.

We also discussed generally the status of technology surrounding all communications over internet procol and reiterated the position that phone-to-phone IP telephony services must continue to be exempt from arcane, uneconomic and bloated switched access charges.  AT&T reviewed the network evolution of services provided over IP and how the Commission's "wait and see" policy concerning IP telephony services has been an incentive to carriers to invest in advanced network architectures.  The attached document was used as an outline of that discussion.

The positions expressed by AT&T were consistent with those expressed in their previous filings in the above referenced proceedings.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

November 21, 2003

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:     Notice of Ex Parte Presentation
        In the Matter of Petitions of US LEC Corp. and T-Mobil USA, Inc., *et al*, for Declaratory
        Ruling Regarding Intercarrier Compensation for Wireless Traffic, WCB No. 01-92;

        In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone
        IP Telephony Services Are Exempt From Access Charges, WCB No. 02-361;

        In the Matter of Developing a Unified Intercarrier Compensation Regime, WCB No. 01-
        92

Dear Ms. Dortch,

        On Wednesday November 19 and Thursday November 20, I spoke to Christopher
Libertelli, Chairman Powell's Senior Legal Adviser, to discuss issues related to the
aforementioned proceedings.  During the course of those discussions, I explained
AT&T's position on the US LEC Petition and urged the Commission to act swiftly in the
matter.  During yesterday's discussion, I also explained in detail AT&T's policy reasons
why the Commission should act swiftly in the area of intercarrier compensation to reform
that system and thus resolve many of the regulatory issues related to VOIP generally.  I
explained that the Commission's failure to act in a timely manner in that proceeding
(which has been pending nearly three years) was placing undue pressure on the
Commission to act in a *very* regulatory manner towards VOIP traffic.  I also explained
the policy reasons why the Commission needs to provide continue to provide incentives
to backbone providers to continue the process of upgrading and investing to expand their
IP capabilities so that there will be a seamless conversion to an IP-based infrastructure
over time necessary to handle the increase in services being deployed over the IP



**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

December 8,  2003

**Via Electronic Filing**

Marlene H. Dortch
Secretary
Federal Communications Commission
445 Twelfth Street, SW
Washington, DC  20554

Re:    *Notice of Ex Parte Presentation:*  CC Docket Nos. 01-92, 96-262; WC
Docket No. 02-361.

Dear Ms. Dortch;

On Friday, December 5, 2003 Robert Quinn Jr. and I met with Daniel Gonzalez,
Senior Legal Advisor to Commissioner Kevin J. Martin to discuss the above mentioned
petitions.  AT&T urged the FCC to deny the US LEC petition as it seeks the ability to
impose additional access charges on interexchange carriers, when in fact, the CLEC
provides no access service or functionality.  Where a CLEC simply inserts itself between
the CMRS provider and the ILEC tandem, it provides no genuine access function and
should not be permitted to charge the interexchange carrier access.  In the situation where a
CLEC actually replaces the ILEC in providing the tandem switching or other genuine
access functions, the CLEC should only be permitted to charge the ILEC rate for the access
functions that are actually being performed by the CLEC, not the full CLEC benchmark
rate as requested by US LEC.

We also discussed generally the status of technology surrounding all
communications over internet procol and reiterated the position that phone-to-phone
IP telephony services must continue to be exempt from arcane, uneconomic and bloated
switched access charges.  AT&T reviewed the network evolution of services provided over
IP and how the Commission's "wait and see" policy concerning IP telephony services has
been an incentive to carriers to invest in advanced network architectures.  The attached
document was used as an outline of that discussion.

The positions expressed by AT&T were consistent with those expressed in their
previous filings in the above referenced proceedings.



Patrick H. Merrick, Esq.
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

December 8,  2003

**Via Electronic Filing**

Marlene H. Dortch
Secretary
Federal Communications Commission
445 Twelfth Street, SW
Washington, DC  20554

       Re:    *Notice of Ex Parte Presentation:* CC Docket Nos. 01-92, 96-262; WC
              Docket No. 02-361.

Dear Ms. Dortch;

      On Friday, December 5, 2003 Robert Quinn Jr. and I met with Jessica
Rosenworcel, Legal Advisor to Commissioner Michael J. Copps to discuss the above
mentioned petitions.  AT&T urged the FCC to deny the US LEC petition as it seeks the
ability to impose additional access charges on interexchange carriers, when in fact, the
CLEC provides no access service or functionality.  Where a CLEC simply inserts itself
between the CMRS provider and the ILEC tandem, it provides no genuine access function
and should not be permitted to charge the interexchange carrier access.  In the situation
where a CLEC actually replaces the ILEC in providing the tandem switching or other
genuine access functions, the CLEC should only be permitted to charge the ILEC rate for
the access functions that are actually being performed by the CLEC, not the full CLEC
benchmark rate as requested by US LEC.

      We also discussed generally the status of technology surrounding all
communications over internet procol and reiterated the position that phone-to-phone
IP telephony services must continue to be exempt from arcane, uneconomic and bloated
switched access charges.  AT&T reviewed the network evolution of services provided over
IP and how the Commission's "wait and see" policy concerning IP telephony services has
been an incentive to carriers to invest in advanced network architectures.  The attached
document was used as an outline of that discussion.

      The positions expressed by AT&T were consistent with those expressed in their
previous filings in the above referenced proceedings.



Patrick H. Merrick, Esq.
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC 20036
202 457 3815
FAX 202 457 3110

December 10, 2003

**Via Electronic Filing**

Marlene H. Dortch
Secretary
Federal Communications Commission
445 Twelfth Street, SW
Washington, DC 20554

Re:     *Notice of Ex Parte Presentation:* CC Docket Nos. 01-92, 96-262; WC Docket No. 02-361.

Dear Ms. Dortch;

On Tuesday, December 9, 2003 Robert Quinn Jr. and I met with Christopher Libertelli, Senior Legal Advisor to Chairman Michael K. Powell to discuss the above mentioned petition. AT&T urged the FCC to deny the US LEC petition as it seeks the ability to impose additional access charges on interexchange carriers, when in fact, the CLEC provides no access service or functionality. Where a CLEC simply inserts itself between the CMRS provider and the ILEC tandem, it provides no genuine access function and should not be permitted to charge the interexchange carrier access. In the situation where a CLEC actually replaces the ILEC in providing the tandem switching or other genuine access functions, the CLEC should only be permitted to charge the ILEC rate for the access functions that are actually being performed by the CLEC, not the full CLEC benchmark rate as requested by US LEC.

We also discussed generally the status of technology surrounding all communications over internet procol and reiterated the position that phone-to-phone IP telephony services must continue to be exempt from arcane, uneconomic and bloated switched access charges. AT&T reviewed the network evolution of services provided over IP and how the Commission's "wait and see" policy concerning IP telephony services has been an incentive to carriers to invest in advanced network architectures. The attached document was used as an outline of that discussion.

The positions expressed by AT&T were consistent with those expressed in their previous filings in the above referenced proceedings.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

January 13, 2004

<u>VIA ELECTRONIC FILING</u>

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    Notice of Ex Parte Presentation
       <u>In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone</u>
       <u>IP Telephony Services Are Exempt From Access Charges,</u> WCB No. 02-361;

       <u>In the Matter of Developing a Unified Intercarrier Compensation Regime,</u> WCB No. 01-
       92

Dear Ms. Dortch,

        On Monday January 12, 2004, James Cicconi, General Counsel and Executive
Vice President of AT&T Corp., and I met with Commissioner Michael Copps and Jessica
Rosenworcel, Commissioner Copps' Senior Legal Adviser, to discuss issues related to
the aforementioned proceedings.  During the course of those discussions, we explained
AT&T's plans for IP telephony and urged the Commission not to impose the existing
PSTN access charge scheme on VoIP as those regulations would disincent investment in
this important new technology.  During that discussion, we explained that issues related
to universal service and access charge contribution to ILEC profits were better addressed
holistically in the intercarrier compensation reform proceeding rather than import the
competition distorting access charge regime into this new technology.  We explained that
the Commission's failure to act in a timely manner in that proceeding (which has been
pending nearly three years) was placing undue pressure on the Commission to act in a
*very* regulatory manner towards VoIP traffic.  We also explained that the Commission
must not provide disincentives to backbone providers that will deter them from the
process of upgrading and investing to expand their IP capabilities.  That investment will



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

January 13, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    Notice of Ex Parte Presentation
       In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone
       IP Telephony Services Are Exempt From Access Charges, WCB No. 02-361;

       In the Matter of Developing a Unified Intercarrier Compensation Regime, WCB No. 01-
       92

Dear Ms. Dortch,

        On Friday January 9, 2004, David Dorman, Chairman of the Board and Chief
Executive Officer of AT&T, Corp., James Cicconi, General Counsel and Executive Vice
President of AT&T Corp., and I met with Commissioner Kevin Martin and Daniel
Gonzalez, Commissioner Martin's Senior Legal Adviser, to discuss issues related to the
aforementioned proceedings.  During the course of those discussions, we explained
AT&T's plans for IP telephony and urged the Commission not to impose the existing
PSTN access charge scheme on VoIP as those regulations would disincent investment in
this important new technology.  During that discussion, we explained that issues related
to universal service and access charge contribution to ILEC profits were better addressed
holistically in the intercarrier compensation reform proceeding rather than import the
competition distorting access charge regime into this new technology.  We explained that
the Commission's failure to act in a timely manner in that proceeding (which has been
pending nearly three years) was placing undue pressure on the Commission to act in a
*very* regulatory manner towards VoIP traffic.  We also explained that the Commission
must not provide disincentives to backbone providers that will deter them from the
process of upgrading and investing to expand their IP capabilities.  That investment will



Patrick H. Merrick, Esq.                                    Suite 1000
Director – Regulatory Affairs                              1120 20th Street NW
AT&T Federal Government Affairs                            Washington DC  20036
                                                           202 457 3815
                                                           FAX 202 457 3110

January 13, 2004

**Via Electronic Filing**

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC  20554

        Re:    Notice of *Ex Parte* Presentation:  CC Docket Nos. 01-92, 96-262 and WC Docket
               No. 02-361.

Dear Ms. Dortch:

        Yesterday, January 13, 2003, Hossein Eslambolchi, Robert Quinn and I met with
Commissioner Kevin J. Martin and his senior legal advisor, Daniel Gonzalez.  AT&T discussed
generally the status of technology surrounding all communications over internet procol and
reiterated its position that its phone-to-phone IP telephony services must continue to be exempt
from arcane, uneconomic and bloated switched access charges.  AT&T reviewed the network
evolution of services provided over IP and how the Commission's "wait and see" policy
concerning IP telephony services has been an incentive to carriers to invest in advanced network
architectures.  The attached document was used as an outline of that discussion.

        Consistent with the Commission rules, I am filing one electronic copy of this notice and
request that you place it in the record of the proceedings.

                                                Sincerely,

                                                *[signature]*

Attachment

cc:    Commissioner Kevin J. Martin
       Daniel Gonzalez



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC 20036
202 457 3851
FAX 202 457 2545

January 27, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC 20554

Re:    Notice of Ex Parte Presentation
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP*
*Telephony Services Are Exempt From Access Charges,* WCB No. 02-361; *Vonage Holding*
*Company's Petition for Declaratory Ruling,* WC No. 03-211; *Level 3 Communications Petition*
*for Forbearance,* WC No. 03-266; *Petition for Declaratory Ruling that Pulver.com.s Free World*
*Dialup is Neither Telecommunications Nor a Telecommunications Service,* WC No. 03-45; *In the*
*Matter of Developing a Unified Intercarrier Compensation Regime,* WCB No. 01-92

Dear Ms. Dortch,

        Yesterday, David Dorman, Chairman of the Board and Chief Executive Officer of
AT&T, Corp., James Cicconi, General Counsel and Executive Vice President of AT&T
Corp., and I met with Commissioner Jonathan Adelstein and Lisa Zaina, Commissioner
Adelstein's Senior Legal Adviser, to discuss issues related to the aforementioned
proceedings.  During the course of those discussions, we explained AT&T's plans for IP
telephony and urged the Commission not to impose the existing PSTN access charge
scheme on VoIP as those regulations would disincent investment in this important new
technology.  During that discussion, we explained that issues related to universal service
and access charge contribution (which are affected by the intersection of IP technology
with the PSTN) were better addressed holistically in an intercarrier compensation reform
proceeding that eliminates the access charge regime entirely rather than begin the process
of importing the competition-distorting access charge regime into this new technology.
We explained that the Commission's failure to act in a timely manner in that proceeding
(which has been pending nearly three years) was placing undue pressure on the
Commission to act in a *very* regulatory manner towards VoIP traffic.  We also explained



Patrick H. Merrick, Esq.
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC 20036
202 457 3815
FAX 202 457 3110

January 21, 2004

**Via Electronic Filing**

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC 20554

   Re: Notice of *Ex Parte* Presentation: CC Docket No. 01-92; WC Docket No. 02-361.

Dear Ms. Dortch:

  Yesterday, January 20, 2004, Robert Quinn and I met with Christopher Libertelli, Senior Legal Advisor to Chairman Michael K. Powell to discuss issues related to the aforementioned proceedings. During the course of those discussions, we explained AT&T's plans for IP telephony and urged the Commission not to impose the existing PSTN access charge scheme on VoIP as those regulations would be a disincentive to investment in this important new technology. During that discussion, we explained that issues related to universal service and access charge contribution to ILEC profits were better addressed holistically in the intercarrier reform proceeding rather than to import the competition distorting access charge regime into this new technology. We explained that the Commission's failure to act in a timely manner in that proceeding (which has been pending nearly three years) was placing undue pressure on the Commission to act in a very regulatory manner towards VoIP traffic. We also explained that the Commission must not provide disincentives to backbone providers that will deter them from the process of upgrading and investing to expand their IP capabilities. That investment will be necessary for the industry to provide a seamless conversion to an IP-based infrastructure that is transparent to end-users.

  We urged the Commission to continue the de-regulatory policies that were established in 1998 and reaffirmed in the 2001 in the Commission's Inter Carrier Compensation NPRM. We reiterated the view that imposition of access charges on VoIP would be a disincentive for investment by backbone providers in IP architectures and thus slow investment in this key technology area (contrary to prior Commisison policy). Finally we explained that providers of IP based services were, in fact, compensating all LECs for terminating that traffic pursuant to the interconnection provisions of the Act. Consequently, all LECs were recovering their respective costs plus a reasonable profit for terminating that traffic and that any claim that a carrier was not recovering its costs was an outright fabrication.



**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

January 15, 2004

<u>**Via Electronic Filing**</u>

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC  20554

Re:    Notice of *Ex Parte* Presentation:  CC Docket Nos. 01-92 and WC Docket No. 02-361.

Dear Ms. Dortch:

Yesterday, January 14, 2003, David Lawson of Sidley Austin Brown and Wood, Robert Quinn and I met with Lisa Zaina, senior Legal Advisor to Commissioner Jonathan Adelstein to discuss issues related to the aforementioned proceedings.  During the course of those discussions, we explained AT&T's plans for IP telephony and urged the Commission not to impose the existing PSTN access charge scheme on VoIP as those regulations would be a disincentive to investment in this important new technology.  During that discussion, we explained that issues related to universal service and access charge contribution to ILEC profits were better addressed holistically in the intercarrier reform proceeding rather than to import the competition distorting access charge regime into this new technology.  We explained that the Commission's failure to act in a timely manner in that proceeding (which has been pending nearly three years) was placing undue pressure on the Commission to act in a very regulatory manner towards VoIP traffic.  We also explained that the Commission must not provide disincentives to backbone providers that will deter them from the process of upgrading and investing to expand their IP capabilities.  That investment will be necessary for the industry to provide a seamless conversion to an IP-based infrastructure that is transparent to end-users.

We urged the Commission to continue the de-regulatory policies that were established in 1998 and reaffirmed in the 2001 in the Commission's Inter Carrier Compensation NPRM.  We reiterated the view that imposition of access charges on VoIP would be a disincentive for investment by backbone providers in IP architectures and thus slow investment in this key technology area (contrary to prior Commisison policy).  Finally we explained that providers of IP based services were, in fact, compensating all LECs for terminating that traffic pursuant to the interconnection provisions of the Act.  Consequently,  all LECs were recovering their respective costs plus a reasonable profit for terminating that traffic and that any claim that a carrier was not recovering its costs was an outright fabrication.



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 202-263-2601

January 30, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

> Re:    Ex Parte Notice
> *Federal-State Joint Board on Universal Service,* WC Docket No. 96-45;
> *In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WC Docket No. 02-361; *Vonage Holding Company's Petition for Declaratory Ruling,* WC Docket No. 03-211; *Level 3 Communications Petition for Forbearance,* WC Docket No. 03-266; *Petition for Declaratory Ruling that Pulver.com's Free World Dialup is Neither Telecommunications Nor a Telecommunications Service,* WC Docket No. 03-45; *In the Matter of Developing a Unified Intercarrier Compensation Regime,* WC Docket No.01-92

Dear Ms. Dortch:

On Thursday, January 29, 2004, Robert Quinn and I met with Matthew Brill, Senior Legal Advisor to Commissioner Abernathy, to discuss the upcoming recommended decision to be issued by the Federal-State Joint Board on Universal Service.  In particular, we discussed AT&T's proposal to limit High Cost Support to a single connection to a home or business.

As part of this discussion, we also reiterated that issues related to universal service and access charge contribution to ILEC profits (which are affected by the intersection of IP technology with the PSTN) were better addressed holistically in an intercarrier compensation reform proceeding that eliminates the access charge regime entirely rather than begin the process of importing the competition-distorting access charge regime into VoIP technology.  We also explained that the Commission's failure to act in a timely manner in that proceeding was placing



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC 20036
202 457 3851
FAX 202 457 2545

February 6, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC 20554

Re:     Notice of Ex Parte Presentation
        *In the Matter of Petitions of US LEC Corp. and T-Mobil USA, Inc., et al, for Declaratory Ruling Regarding Intercarrier Compensation for Wireless Traffic,* WCB No. 01-92 and *Qwest Petition for Reconsideration,* 96-262;

        *In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WCB No. 02-361; *Vonage Holding Company's Petition for Declaratory Ruling,* WC No. 03-211; *Level 3 Communications Petition for Forbearance,* WC No. 03-266; *Petition for Declaratory Ruling that Pulver.com.s Free World Dialup is Neither Telecommunications Nor a Telecommunications Service,* WC No. 03-45; *In the Matter of Developing a Unified Intercarrier Compensation Regime,* WCB No. 01-92

Dear Ms. Dortch,

        On Wednesday February 4, I spoke on the telephone two times with Dan Gonzalez, Commissioner Martin's Senior Legal Adviser, to discuss issues related to the aforementioned proceedings. During the course of those discussions, I urged the FCC to clarify in the Petition for Reconsideration proceeding that CLECs can only charge the ILEC rate element for each access function they actually provide to the IXC. For example, CLECs cannot charge a blended rate that combines an end office-switching rate, a tandem-switching rate and transport when they are only providing end office switching and handing the traffic off to the IXC at the ILEC tandem (who is then also charging the IXC a tandem and transport rate). In addition, I also urged the Commission to deny the US LEC petition that seeks the ability for CLECs to impose additional access charges on interexchange carriers, when in fact, the CLEC provides no access service or functionality. Where a CLEC simply inserts itself between the CMRS provider and the ILEC tandem, it provides no genuine access function and should not be permitted to charge the interexchange carrier access. In the situation where a CLEC actually replaces the



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

February 13, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    Notice of Ex Parte Presentation
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WCB No. 02-361; *Vonage Holding Company's Petition for Declaratory Ruling,* WC No. 03-211; *Level 3 Communications Petition for Forbearance,* WC No. 03-266; *In the Matter of Developing a Unified Intercarrier Compensation Regime,* WCB No. 01-92

Dear Ms. Dortch,

    Yesterday, I spoke with Scott Bergmann, Commissioner Jonathan Adelstein's Legal Adviser, to discuss issues related to the aforementioned proceedings.  During the course of those discussions, we the Commission not to impose the existing PSTN access charge scheme on any VoIP applications individually or collectively as those regulations would disincent investment in this important new technology.  In fact, application of access charges were applied to voice applications that terminate on the PSTN, it would disincent rural broadband deployment entirely as well.  During that discussion, I also stated that issues related to universal service and access charge contribution (which are affected by the intersection of IP technology with the PSTN) were better addressed holistically in an intercarrier compensation reform proceeding that eliminates the access charge regime entirely rather than begin the process of importing the competition-distorting access charge regime into this new technology.  I explained that the Commission's failure to act in a timely manner in that proceeding (which has been pending nearly three years) was placing undue pressure on the Commission to act in a *very* regulatory manner towards VoIP traffic.  I also explained that the Commission must not provide disincentives to backbone providers that will deter them from the process of



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

February 13, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:     Notice of Ex Parte Presentation
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WCB No. 02-361; *Vonage Holding Company's Petition for Declaratory Ruling,* WC No. 03-211; *Level 3 Communications Petition for Forbearance,* WC No. 03-266; *In the Matter of Developing a Unified Intercarrier Compensation Regime,* WCB No. 01-92

Dear Ms. Dortch,

        Yesterday, Peter Jacoby and I spoke with Commissioner Jonathan Adelstein, to discuss issues related to the aforementioned proceedings.  During the course of those discussions, we the Commission not to impose the existing PSTN access charge scheme on VoIP as those regulations would disincent investment in this important new technology.  During that discussion, we explained that issues related to universal service and access charge contribution (which are affected by the intersection of IP technology with the PSTN) were better addressed holistically in an intercarrier compensation reform proceeding that eliminates the access charge regime entirely rather than begin the process of importing the competition-distorting access charge regime into this new technology. We explained that the Commission's failure to act in a timely manner in that proceeding (which has been pending nearly three years) was placing undue pressure on the Commission to act in a *very* regulatory manner towards VoIP traffic.  We also explained that the Commission must not provide disincentives to backbone providers that will deter them from the process of upgrading and investing to expand their IP capabilities.  That investment will be necessary for the industry to provide a seamless conversion to an IP-based infrastructure that is transparent to end-users.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

March 5, 2004

<u>VIA ELECTRONIC FILING</u>

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    Notice of Ex Parte Presentation
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WCB No. 02-361; *Vonage Holding Company's Petition for Declaratory Ruling,* WC No. 03-211; *Level 3 Communications Petition for Forbearance,* WC No. 03-266; *In the Matter of Developing a Unified Intercarrier Compensation Regime,* WCB No. 01-92

Dear Ms. Dortch,

On Tuesday March 2, 2004, James Cicconi, General Counsel and Executive Vice President of AT&T Corp., Leonard Cali, Vice President – Law & Director Federal Government Affairs, and I met with Commissioner Jonathan Adelstein and Scott Bergmann, Commissioner Adelstein's Legal Adviser, to discuss issues related to the aforementioned proceedings.  During the course of those discussions, we reiterated that the Commission not to impose the existing PSTN access charge scheme on any VoIP applications individually or collectively as those regulations would disincent investment in this important new technology.  We explained that application of access charges to voice applications that terminate on the PSTN would disincent rural broadband deployment entirely as well.  During that discussion, we urged the Commissioner to address issues related to universal service and access charge contribution (which are affected by the intersection of IP technology with the PSTN) holistically in an intercarrier compensation reform proceeding that eliminates the access charge regime entirely rather than begin the process of importing the competition-distorting access charge regime into this new technology.

We also explained that the Commission should not provide disincentives to backbone providers that will deter them from the process of upgrading and investing to expand their IP capabilities.  That investment will be necessary for the industry to



**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC 20036
202 457 3815
FAX 202 457 3110

February 20, 2004

**<u>Via Electronic Filing</u>**

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC 20554

Re:  Notice of *Ex Parte* Presentation:
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WC Docket No. 02-361.

Dear Ms. Dortch:

AT&T submits the following memorandum for inclusion in the above mentioned proceeding. Consistent with the Commission rules, I am filing one electronic copy of this notice and request that you place it in the record of the proceeding.

Sincerely,

Attachment

copy to:  Chariman Michael K. Powell
Commissioner Kathleen Q. Abernathy
Commissioner Jonathan S. Adelstein
Commissioner Michael J. Copps
Commissioner Kevin J. Martin
Scott Bergmann
Matthew Brill
Daniel Gonzalez
Christopher Libertelli
Jessica Rosenworcel
William Maher
Jeffrey Carlisle
Tamara Preiss
Jennifer McKee



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

February 25, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:     Notice of Ex Parte Presentation
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WCB No. 02-361; *Vonage Holding Company's Petition for Declaratory Ruling,* WC No. 03-211; *Level 3 Communications Petition for Forbearance,* WC No. 03-266; *In the Matter of Developing a Unified Intercarrier Compensation Regime,* WCB No. 01-92

Dear Ms. Dortch,

On Monday February 23, I spoke with Scott Bergmann, Commissioner Jonathan Adelstein's Legal Adviser, to discuss issues related to the aforementioned proceedings. During the course of those discussions, I reiterated that the Commission not to impose the existing PSTN access charge scheme on any VoIP applications individually or collectively as those regulations would disincent investment in this important new technology.  In fact, application of access charges were applied to voice applications that terminate on the PSTN, it would disincent rural broadband deployment entirely as well. During that discussion, I also stated that issues related to universal service and access charge contribution (which are affected by the intersection of IP technology with the PSTN) were better addressed holistically in an intercarrier compensation reform proceeding that eliminates the access charge regime entirely rather than begin the process of importing the competition-distorting access charge regime into this new technology.  I explained that the Commission's failure to act in a timely manner in that proceeding (which has been pending nearly three years) was placing undue pressure on the Commission to act in a *very* regulatory manner towards VoIP traffic.  I also explained that the Commission must not provide disincentives to backbone providers that will deter



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

March 2, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    Notice of Ex Parte Presentation
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WCB No. 02-361; *Vonage Holding Company's Petition for Declaratory Ruling,* WC No. 03-211; *Level 3 Communications Petition for Forbearance,* WC No. 03-266; *In the Matter of Developing a Unified Intercarrier Compensation Regime,* WCB No. 01-92

Dear Ms. Dortch,

Yesterday, I spoke with Scott Bergmann, Commissioner Jonathan Adelstein's Legal Adviser, to discuss issues related to the aforementioned proceedings. During the course of those discussions, I reiterated that the Commission not to impose the existing PSTN access charge scheme on any VoIP applications individually or collectively as those regulations would disincent investment in this important new technology. In fact, application of access charges were applied to voice applications that terminate on the PSTN, it would disincent rural broadband deployment entirely as well. During that discussion, I also stated that issues related to universal service and access charge contribution (which are affected by the intersection of IP technology with the PSTN) were better addressed holistically in an intercarrier compensation reform proceeding that eliminates the access charge regime entirely rather than begin the process of importing the competition-distorting access charge regime into this new technology. I explained that the Commission's failure to act in a timely manner in that proceeding (which has been pending nearly three years) was placing undue pressure on the Commission to act in a *very* regulatory manner towards VoIP traffic. I also explained that the Commission must not provide disincentives to backbone providers that will deter them from the



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

March 2, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    Notice of Ex Parte Presentation
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP*
*Telephony Services Are Exempt From Access Charges,* WCB No. 02-361; *Vonage Holding*
*Company's Petition for Declaratory Ruling,* WC No. 03-211; *Level 3 Communications Petition*
*for Forbearance,* WC No. 03-266; *In the Matter of Developing a Unified Intercarrier*
*Compensation Regime,* WCB No. 01-92

Dear Ms. Dortch,

        Yesterday, I spoke with Scott Bergmann, Commissioner Jonathan Adelstein's
Legal Adviser, to discuss issues related to the aforementioned proceedings.  During the
course of those discussions, I reiterated that the Commission not to impose the existing
PSTN access charge scheme on any VoIP applications individually or collectively as
those regulations would disincent investment in this important new technology.  In fact,
application of access charges were applied to voice applications that terminate on the
PSTN, it would disincent rural broadband deployment entirely as well.  During that
discussion, I also stated that issues related to universal service and access charge
contribution (which are affected by the intersection of IP technology with the PSTN)
were better addressed holistically in an intercarrier compensation reform proceeding that
eliminates the access charge regime entirely rather than begin the process of importing
the competition-distorting access charge regime into this new technology.  I explained
that the Commission's failure to act in a timely manner in that proceeding (which has
been pending nearly three years) was placing undue pressure on the Commission to act in
a *very* regulatory manner towards VoIP traffic.  I also explained that the Commission
must not provide disincentives to backbone providers that will deter them from the



**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

April 8,  2004

**Via Electronic Filing**

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC  20554

   Re:  Notice of *Ex Parte* Presentation:  WC Docket No. 02-361.

Dear Ms. Dortch:

   Yesterday, April 7, 2004, David Lawson of Sidley Austin Brown and Wood and I met with Paula Silberthau, Jeffrey Dygert and John Stanley as well as a subsequent meeting with Tamara Preiss and Jennifer McKee to discuss issues related to the aforementioned proceeding.  We reiterated AT&T's position contained in our March 31, 2004 ex parte that action taken by the Commission in this proceeding will effect not only interexchange carriers using VoIP on a phone-to-phone basis in certain limited circumstances, but also the VoIP industry as a whole

   The positions expressed in the meeting were consistent with those contained in the Comments, Reply Comments and ex parte filings previously made in the aforementioned dockets.

   Consistent with the Commission rules, I am filing one electronic copy of this notice and request that you place it in the record of the proceedings.

       Sincerely,

cc:  Jeffrey Dygert
   Jennifer McKee
   Tamara Preiss
   Paula Silberthau
   John Stanley