# SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| BEIJING | 1501 K STREET, N.W. | LOS ANGELES |
| BRUSSELS | WASHINGTON, D.C. 20005 | NEW YORK |
| CHICAGO | TELEPHONE 202 736 8000 | SAN FRANCISCO |
| | FACSIMILE 202 736 8711 | |
| DALLAS | www.sidley.com | SHANGHAI |
| GENEVA | FOUNDED 1866 | SINGAPORE |
| HONG KONG | | TOKYO |
| LONDON | | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(202) 736-8088

WRITER'S E-MAIL ADDRESS
dlawson@sidley.com

April 13, 2004

Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Re:    CC Docket No. 02-361_

Dear Ms. Dortch:

In recent weeks, some parties have claimed that Commission could issue a ruling that holds that AT&T's phone-to-phone IP telephony service are subject to interstate access charges but that does not address (or reserves decision on) the applicability of interstate access charges to the purportedly "different" phone-to-phone IP services that other providers offer and that are, in fact, indistinguishable. This would be patently illegal.

The AT&T services at issue have all of the characteristics that these other providers purport to rely upon to "distinguish" their phone-to-phone IP services from those of AT&T. With *all* of the phone-to-phone IP services of all of the various providers at issue, telephone calls originate on ordinary telephones and traverse the PSTN in TDM format, are converted from TDM to IP format by the provider, are transported in IP format, and then are reconverted back from IP format to TDM format for delivery to the called party over the PSTN. All of the services use the PSTN in the identical way, and all use IP for interexchange transmission. Thus, the assertions that there are "differences" that could justify differential treatment are wrong. Thus, any attempt by the Commission to rely on purported differences and exempt other providers from access charges (or to reserve the question of the applicability of access charges to their services) would be unlawful. In this regard, it would be patently unlawful for the Commission to discriminate here through *silence* – *i.e.*, by holding that AT&T's IP telephony service is subject to access charges but purporting to disclaim any finding with respect to functionally identical services. As explained below, the courts have made clear that the Commission cannot permit unlawful discrimination to happen by default or inaction.

SIDLEY AUSTIN BROWN & WOOD LLP IS A DELAWARE LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS



---

**Patrick H. Merrick, Esq.**
Director – Regulatory Affairs
AT&T Federal Government Affairs

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3815
FAX 202 457 3110

April 15,  2004

**Via Electronic Filing**

Ms. Marlene H. Dortch, Secretary
Federal Communications Commission
445 Twelfth Street, S.W., Room TW-B204
Washington, DC  20554

Re:    Notice of *Ex Parte* Presentation:  WC Docket No. 02-361.

Dear Ms. Dortch:

Yesterday, April 14, 2004, David Lawson of Sidley Austin Brown and Wood and I spoke with Scott Bergmann, Legal Advisor to Commissioner Jonathan S. Adelstein, to discuss issues related to the aforementioned proceeding.  We reiterated AT&T's position contained in our April 13, 2004 ex parte that action taken by the Commission in this proceeding will effect not only interexchange carriers using VoIP on a phone-to-phone basis in certain limited circumstances, but also the VoIP industry as a whole.

The positions expressed in the meeting were consistent with those contained in the Comments, Reply Comments and ex parte filings previously made in the aforementioned dockets.

Consistent with the Commission rules, I am filing one electronic copy of this notice and request that you place it in the record of the proceedings.

Sincerely,

cc:    Scott Bergmann

SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| BEIJING | 1501 K STREET, N.W. | LOS ANGELES |
| BRUSSELS | WASHINGTON, D.C. 20005 | NEW YORK |
| CHICAGO | TELEPHONE 202 736 8000 | SAN FRANCISCO |
| DALLAS | FACSIMILE 202 736 8711 | SHANGHAI |
| GENEVA | www.sidley.com | SINGAPORE |
| HONG KONG | FOUNDED 1866 | TOKYO |
| LONDON | | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(202) 736-8088

WRITER'S E-MAIL ADDRESS
dlawson@sidley.com

April 16, 2004

Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Re:    CC Docket No. 02-361

Dear Ms. Dortch:

I am writing on behalf of AT&T in response to the April 14, 2004 ex parte letter filed on behalf of PointOne in the above captioned proceeding. PointOne is asking for the Commission to reject AT&T's petition now, but determine the legal standard for that rejection later. *See* PointOne Ex Parte at 2 (asking the Commission to issue an order that rejects AT&T's petition on the ground that AT&T's service does not satisfy the ESP exemption as it applies "in the VoIP context," but holds that "[w]hile the Commission may, in the future, set forth a test to define ESPs in the VoIP context, we will defer doing so at this time."     Such a "we-know-it-when-we-see-it" approach would, of course, be manifestly unlawful. *See, e.g., Northeast Cellular Tel. Co.* v. *FCC*, 897 F.2d 1164, 1167 (D.C. Cir. 1990) ("The FCC's reasoning . . . does not articulate any standard by which we can determine the policy underlying its" action and thus "amounts to nothing more than a 'we-know-it-when-we-see-it' standard). Declaring that AT&T's services are subject to access charges and simultaneously holding that the Commission will determine the test for whether other functionally identical phone-to-phone IP telephony services qualify for the ESP exemption in a subsequent holding cannot possibly satisfy that the requirement of reasoned decision making.

Further, the Commission could not both deny AT&T's petition and issue the ruling requested by PointOne. AT&T's Petition encompasses more than AT&T's particular service and, in all events, AT&T itself provides phone-to-phone IP telephony services that are indistinguishable from PointOne's services. AT&T specifically requested that the Commission hold broadly that all "phone-to-phone IP services will be immune from access charges," AT&T Pet. at 26, and that "all other phone-to-phone IP and VoIP telephony services are exempt from access charges unless and until the FCC adopts regulations that prospectively provide



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

April 20, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    Notice of Ex Parte Presentation
*In the Matter of AT&T's Petition for Declaratory Ruling That AT&T's Phone-to-Phone IP Telephony Services Are Exempt From Access Charges,* WCB No. 02-361

Dear Ms. Dortch,

On Friday April 16, 2004, I spoke with Scott Bergmann, Commissioner Jonathan Adelstein's Legal Adviser, to discuss issues related to the aforementioned proceedings. During the course of those discussions, I reiterated that the Commission not to impose the existing PSTN access charge scheme on any VoIP applications individually or collectively as those regulations would disincent investment in this important new technology.  I also explained that the Commission should not provide disincentives to backbone providers that will deter them from the process of upgrading and investing to expand their IP capabilities.  That investment will be necessary for the industry to provide a seamless conversion to an IP-based infrastructure that is transparent to end-users.

I urged the Commission to continue the de-regulatory policies that were established in 1998 and reaffirmed in 2001 in the Commission's *Inter Carrier Compensation NPRM.*  We reiterated the view that imposition of access charges on VoIP would disincent investment by backbone providers in IP architectures and thus slow investment in this key technology area (contrary to prior Commission policy).  Finally, we explained that providers of IP based services were, in fact, compensating all LECs for terminating that traffic pursuant to the interconnection provisions of the Act. Consequently, all LECs were recovering their respective costs plus a reasonable profit for terminating that traffic and that any claim that a carrier was not recovering its costs was an outright fabrication.  In the event the Commission feels compelled to act on the Petition standing alone, I urged that the Commission should grant the Petition and set

DOCKET FILE COPY ORIGINAL

Before the
**FEDERAL COMMUNICATIONS COMMISSION**
Washington, D.C. 20554

**RECEIVED**

MAY 1 5 2003

FEDERAL COMMUNICATIONS COMMISSION
OFFICE OF THE SECRETARY

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| . AT&T Corp. Petition for Declaratory | ) WC Docket No. 03-133 |
| Ruling Regarding Enhanced Prepaid Calling | ) |
| Card Services | ) |
| | ) |
| | ) |
| | ) |

**AT&T CORP.**
**PETITION FOR DECLARATORY RULING**

David W. Carpenter
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

David L. Lawson
James P. Young
Sidley Austin Brown & Wood L.L.P.
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

Leonard J. Cali
Lawrence J. Lafaro
Judy Sello
AT&T Corp.
Room 3A229
One AT&T Way
Bedminster, New Jersey 09721
(908) 532-1846

May 15, 2003

**Before the**
**FEDERAL COMMUNICATIONS COMMISSION**
**Washington, D.C. 20554**

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| AT&T Corp. Petition for Declaratory | )    WC Docket No. 03-133 |
| Ruling Regarding Enhanced Prepaid Calling | ) |
| Card Services | ) |
| | ) |
| | ) |
| | ) |

## REPLY COMMENTS OF AT&T CORP.

David W. Carpenter
Sidley Austin Brown & Wood, L.L.P.
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

David L. Lawson
James P. Young
Sidley Austin Brown & Wood, L.L.P.
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

Leonard J. Cali
Lawrence J. Lafaro
Judy Sello
AT&T Corp.
Room 3A229
One AT&T Way
Bedminster, New Jersey 09721
(908) 532-1846

July 24, 2003



Amy L. Alvarez
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

March 25, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:     *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

Dear Ms. Dortch:

On Wednesday, March 24, 2004, Judy Sello and I, both of AT&T, met with Steve Morris and Paul Moon of the Wireline Competition Bureau's Pricing Policy Division to discuss issues related to AT&T's enhanced prepaid calling card ("EPPC") services. Consistent with AT&T's previous filings in the above-referenced proceeding, we reiterated that AT&T's EPPC service is an enhanced or "information service" under the Communications Act and well-settled precedent and that EPPC calls are jurisdictionally interstate. In addition, we also responded to arguments raised in the February 26, 2004 ex parte filed by General Communication, Inc.   The attached document served as the basis of our discussion.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

Sincerely,

Amy L. Alvarez

SIDLEY AUSTIN BROWN & WOOD LLP

| BEIJING | 1501 K STREET, N.W. | LOS ANGELES |
| BRUSSELS | WASHINGTON, D.C. 20005 | NEW YORK |
| CHICAGO | TELEPHONE 202 736 8000 | SAN FRANCISCO |
| DALLAS | FACSIMILE 202 736 8711 | |
| | www.sidley.com | SHANGHAI |
| GENEVA | FOUNDED 1866 | SINGAPORE |
| HONG KONG | | TOKYO |
| LONDON | | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(202) 736-8088

WRITER'S E-MAIL ADDRESS
dlawson@sidley.com

May 11, 2004

**By Electronic Filing**

Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th St., SW
Washington, D.C. 20554

Re:    AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid
       Calling Card Services, WC Docket No. 03-133.

Dear Ms. Dortch:

This *ex parte* letter, submitted on behalf of AT&T Corp. ("AT&T"), responds to claims by incumbent local exchange carriers ("ILECs") and AT&T's largest interexchange competitor in Alaska that enhanced prepaid calling card services that unquestionably make available information via telecommunications should be denied information service classification because the "only" information provided to customers is advertising. As detailed below and in AT&T's reply comments in this proceeding, these claims are foreclosed by the plain statutory text and decades of consistent Commission precedent establishing a bright line demarcation between information and telecommunications services based upon the *existence*, rather than the quantity or perceived "quality," of information supplied by the service provider. Moreover, the regulatory uncertainty that the ILECs urge the Commission to perpetuate would necessarily stifle innovation and investment. In a world in which regulatory classification turns on after-the-fact subjective judgments of the "value" of enhancements, no provider could ever predict how its new services would be regulated.

AT&T's enhanced prepaid calling cards, which are purchased predominantly by the lowest-income consumers, seniors, and military personnel, permit cardholders to place calls at very low rates. Unlike traditional prepaid card services, the enhanced prepaid card service is *not* a bare transmission service that transmits only information of the cardholder's choosing. Rather, every time that the consumer uses the card, AT&T transmits information of the card distributor's choosing – ranging from simple advertisements to information regarding college savings plans –

SIDLEY AUSTIN BROWN & WOOD LLP IS A DELAWARE LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

June 25, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

     Re:    ***AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, WC Docket No. 03-133**

Dear Ms. Dortch:

       Today, Robert Quinn, David Lawson and I, all representing AT&T, met with William Maher, Tamara Preiss, Cathy Carpino, Margaret Dailey, and Steve Morris of the Wireline Competition Bureau. The purpose of this meeting was to discuss issues related to AT&T's enhanced prepaid calling card services.  The arguments made were consistent with AT&T's written submissions filed in the above-referenced proceeding.

       One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

                              Sincerely,

cc:    William Maher
       Tamara Preiss
       Cathy Carpino
       Margaret Dailey
       Steve Morris



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 2, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

      Yesterday, I spoke with Christopher Libertelli, Chairman Powell's Legal Adviser regarding the aforementioned dockets.  The purpose of this meeting was to discuss issues related to AT&T's enhanced prepaid calling card services. The arguments made were consistent with AT&T's written submissions filed in that proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

Sincerely,

Robert W. Quinn Jr.



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC 20036
202-457-2315
FAX 281-664-9610

July 6, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC 20554

Re:    _**AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card
Services**_**, WC Docket No. 03-133**

Dear Ms. Dortch:

On Friday, July 2, 2004, Robert Quinn had multiple telephone conversations with the following Commission staff:  Christopher Libertelli, Senior Legal Advisor to Chairman Powell; Matthew Brill, Senior Legal Advisor to Commissioner Abernathy; Jessica Rosenworcel, Legal Advisor to Commissioner Copps; Daniel Gonzalez, Senior Legal Advisor to Commissioner Martin; Scott Bergmann, Legal Advisor to Commissioner Adelstein, and Tamara Preiss, Chief of the Pricing Policy Division, Wireline Competition Bureau.  The arguments made were consistent with AT&T's written submissions filed in the above-referenced proceeding.  The attached document served as the basis of these discussions.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

Sincerely,

Amy L Alvarez



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

July 6, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

   Re:  *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services,* **WC Docket No. 03-133**

Dear Ms. Dortch:

  On Friday, July 2, 2004, David Dorman, Chairman and CEO of AT&T Corp., had a telephone conversation with Chairman Michael Powell to discuss issues related to AT&T's petition for declaratory ruling regarding its enhanced prepaid card services. The arguments made were consistent with AT&T's written submissions filed in the above-referenced proceeding. The attached document served as the basis of that discussion.

  One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

       Sincerely,

       Amy L. Alvarez



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

July 7, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:  *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card
Services,* **WC Docket No. 03-133**

Dear Ms. Dortch:

Yesterday, Robert Quinn, David Lawson and I met with the Christopher Libertelli, Senior Legal Advisor to Chairman Powell, and Aaron Goldberger to discuss issues related to AT&T's enhanced prepaid card service.  The arguments made were consistent with AT&T's written submissions filed in the above-referenced proceeding.  The attached document served as the basis of these discussions.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

Sincerely,

Amy L Alvarez



Amy L. Alvarez
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

July 12, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:     *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card
        Services*, **WC Docket No. 03-133**

Dear Ms. Dortch:

On Friday, July 9, 2004, Robert Quinn and David Lawson met with Commissioner Jonathan Adelstein and his legal advisor, Scott Bergmann, and also with Jessica Rosenworcel, Legal Advisor to Commissioner Copps.  The purpose of these meetings was to discuss issues related to AT&T's enhanced prepaid card service.  The arguments made were consistent with AT&T's written submissions filed in the above-referenced proceeding.  The attached document served as the basis of these discussions.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

Sincerely,

Amy L Alvarez

## SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| BEIJING | 1501 K STREET, N.W. | LOS ANGELES |
| BRUSSELS | WASHINGTON, D.C. 20005 | NEW YORK |
| CHICAGO | TELEPHONE 202 736 8000 | SAN FRANCISCO |
| DALLAS | FACSIMILE 202 736 8711 | SHANGHAI |
| GENEVA | www.sidley.com | SINGAPORE |
| HONG KONG | FOUNDED 1866 | TOKYO |
| LONDON | | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(202) 736-8088

WRITER'S E-MAIL ADDRESS
dlawson@sidley.com

July 13, 2004

**By Electronic Filing**

Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th St., SW
Washington, D.C. 20554

Re:     AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid
        Calling Card Services, WC Docket No. 03-133.

Dear Ms. Dortch:

I write on behalf of AT&T Corp. ("AT&T"). AT&T has previously demonstrated that enhanced prepaid card services that make available stored information not of the end-user's choosing are information services. Moreover, calls made by users of such services are jurisdictionally interstate when they involve an interstate communication of the stored information between the information service platform and the card holder. Both propositions are well supported by longstanding Commission precedent, and the Commission should, accordingly, grant AT&T's Petition. The Commission could not, consistent with APA notice and comment requirements, lawfully change course in this proceeding and choose to treat enhanced prepaid card services as intrastate telecommunications services, but even if it could, the Commission could not lawfully apply that determination retroactively.

**Regulatory Classification.** Courts have held repeatedly that "when there is a 'substitution of new law for old law that was reasonably clear,' the new rule may justifiably be given prospective-only effect in order to 'protect the settled expectations of those who had relied on the preexisting rule.'" *Verizon Telephone Co.* v. *FCC*, 269 F.3d 1098, 1109 (D.C. Cir. 2001) (quoting *Public Serv. Comm. Of Colo.* v. *FERC*, 91 F.3d 1478, 1488 (D.C. Cir. 1996)) ("in a case in which there is a 'substitution of new law for old law that was reasonably clear,' a decision to deny retroactive effect is uncontroversial"); *see also Epilepsy Found. of N.E. Ohio* v. *NLRB*, 268 F.3d 1095 (D.C. Cir. 2001); *Williams Natural Gas Co.* v. *FERC*, 9 F.3d 1544, 1554 (D.C. Cir. 1993); *SEC* v. *Chenery Corp.*, 332 U.S. 194, 203 (1947). If the Commission were to

SIDLEY AUSTIN BROWN & WOOD LLP IS A DELAWARE LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 15, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

     Yesterday, I spoke with Scott Bergmann, Commissioner Adelstein's Legal Adviser regarding the aforementioned dockets.  The purpose of this meeting was to discuss issues related to AT&T's enhanced prepaid calling card services. The arguments made were consistent with AT&T's written submissions filed in that proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

Sincerely,

Robert W. Quinn Jr.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 16, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

     Yesterday, Len Cali, Vice President-Law & Director of Federal Government Affairs, David Lawson and I met with Commissioner Kevin Martin and Senior Legal Adviser Dan Gonzalez.  The purpose of this meeting was to discuss issues related to AT&T's enhanced prepaid calling card services.   We reiterated that under the Communications Act and well-settled Commission precedent, AT&T's prepaid card service is an enhanced or "information service" that is jurisdictionally interstate in nature.  The attached ex parte formed the basis of our discussions. The arguments made were consistent with AT&T's written submissions filed in the above referenced proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

                                               Sincerely,

                                          Robert W. Quinn Jr.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC 20036
202 457 3851
FAX 202 457 2545

July 20, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC 20554

Re:    ***AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced
Prepaid Card Services*, WC Docket No. 03-133**

Dear Ms. Dortch:

On Friday, July 16, 2004, I had multiple telephone conversations with Scott Bergmann, Legal Advisor to Commissioner Adelstein, to discuss issues related to AT&T's enhanced prepaid card service. In addition, yesterday I spoke by telephone with Daniel Gonzalez, Senior Legal Advisor to Commissioner Martin, and Jessica Rosenworcel, Legal Advisor to Commissioner Copps, to discuss the same matter. The issues discussed were consistent with AT&T's written submissions previously filed in the above-referenced proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

Sincerely,

*Robert W. Quinn Jr.*



Robert W. Quinn, Jr.
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC 20036
202 457 3851
FAX 202 457 2545

July 20, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC 20554

Re:    *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

Dear Ms. Dortch:

On Friday, July 16, 2004, I had multiple telephone conversations with Scott Bergmann, Legal Advisor to Commissioner Adelstein, to discuss issues related to AT&T's enhanced prepaid card service. In addition, yesterday I spoke by telephone with Daniel Gonzalez, Senior Legal Advisor to Commissioner Martin, and Jessica Rosenworcel, Legal Advisor to Commissioner Copps, to discuss the same matter. The issues discussed were consistent with AT&T's written submissions previously filed in the above-referenced proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

Sincerely,

Robert W. Quinn Jr.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545


July 20, 2004


Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

      Re:    *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced*
                  *Prepaid Card Services*, WC Docket No. 03-133

Dear Ms. Dortch:

       On Friday, July 16, 2004, I had multiple telephone conversations with Scott Bergmann, Legal Advisor to Commissioner Adelstein, to discuss issues related to AT&T's enhanced prepaid card service.  In addition, yesterday I spoke by telephone with Daniel Gonzalez, Senior Legal Advisor to Commissioner Martin, and Jessica Rosenworcel, Legal Advisor to Commissioner Copps, to discuss the same matter.   The issues discussed were consistent with AT&T's written submissions previously filed in the above-referenced proceeding.

       One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

                    Sincerely,

                    *Robert W. Quinn Jr.*

## SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| BEIJING | 1501 K STREET, N.W. | LOS ANGELES |
| BRUSSELS | WASHINGTON, D.C. 20005 | NEW YORK |
| CHICAGO | TELEPHONE 202 736 8000 | SAN FRANCISCO |
| DALLAS | FACSIMILE 202 736 8711 | SHANGHAI |
| GENEVA | www.sidley.com | SINGAPORE |
| HONG KONG | FOUNDED 1866 | TOKYO |
| LONDON | | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(202) 736-8088

WRITER'S E-MAIL ADDRESS
dlawson@sidley.com

July 21, 2004

**By Electronic Filing**

Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th St., SW
Washington, D.C. 20554

Re:     AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid
Calling Card Services, WC Docket No. 03-133.

Dear Ms. Dortch:

I write on behalf of AT&T Corp. ("AT&T") to address three related topics in the above-captioned proceeding. First, if the Commission were, contrary to law, to decide that prepaid card services should be deemed telecommunications services notwithstanding enhancements that make those services information services under existing precedents, the Commission should apply that new rule only prospectively. Moreover, the presence of an interstate communication from the calling card platform to the cardholder, even if deemed insufficient to support an information service classification, provides the Commission with clear authority to exercise interstate jurisdiction over prepaid card calls, authority it should exercise to lessen the rate shock on low-income, military and other prepaid card users and to ensure a level competitive playing field that does not inappropriately favor resellers over vertically-integrated prepaid card providers. By exercising its interstate jurisdiction, the Commission would ensure that all prepaid card providers contribute equally to universal service (assuming that is its goal), while at the same time shielding consumers from the even larger rate hikes that would be required if intrastate access charges were to apply.

Second, it is obvious from the very low prices offered by all prepaid card providers (as low as a *penny* a minute) that AT&T's prepaid card competitors are not paying intrastate access charges (of as much as 10 cents or more per minute) or making universal service contributions in connection with these interstate information services. Accordingly, it would be patently unlawful for the Commission to issue *any* order in this proceeding that singled out AT&T (or

SIDLEY AUSTIN BROWN & WOOD LLP IS A DELAWARE LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

July 21, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

Dear Ms. Dortch:

Yesterday, James Cicconi, AT&T Corp. General Counsel and Executive Vice President, Law & Government Affairs, had a telephone conversation with Commissioner Adelstein to discuss issues pertaining to AT&T's petition for declaratory ruling regarding enhanced prepaid card services.  Mr. Cicconi explained that, if the Commission were, contrary to law, to decide that prepaid card services should be deemed telecommunications services notwithstanding enhancements that make those services information services under existing precedents, the Commission should apply that new rule only prospectively.  In addition, Mr. Cicconi explained that it is obvious from the very low prices offered by all prepaid card providers (as low as a *penny* a minute) that AT&T's prepaid card competitors are not paying intrastate access charges (of as much as 10 cents or more per minute) or making universal service contributions in connection with these interstate information services.  Accordingly, it would be patently unlawful for the Commission to issue *any* order in this proceeding that singled out AT&T (or vertically-integrated providers) for disparate regulatory treatment.  The attached document, which was filed today in the above-referenced proceeding, served as the basis of the discussion.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

Sincerely,

Amy L. Alvarez



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 22, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

On Tuesday, I spoke with Jessica Rosenworcel, Commissioner Copps' Legal Adviser regarding the aforementioned dockets.  The purpose of this meeting was to discuss issues related to AT&T's enhanced prepaid calling card services. Specifically, we discussed the issues outlined in the attached ex parte filed in this proceeding yesterday.  All of the arguments made were consistent with AT&T's written submissions filed in that proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

Sincerely,

*Robert W. Quinn Jr.*



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 22, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

Yesterday, I spoke with Jessica Rosenworcel, Commissioner Copps' Legal Adviser two times regarding the aforementioned dockets. The purpose of this meeting was to discuss issues related to AT&T's enhanced prepaid calling card services. Specifically, we discussed the issues outlined in the attached ex parte, also filed in this proceeding yesterday. All of the arguments made were consistent with AT&T's written submissions filed in that proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

Sincerely,

Robert W. Quinn Jr.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 22, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12ᵗʰ Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, WC Docket No. 03-133


        On Tuesday, I spoke with Scott Bergmann, Commissioner Adelstein's Legal Adviser three times regarding the aforementioned dockets.  The purpose of those discussions was related to AT&T's enhanced prepaid calling card services at issue in the aforementioned proceeding.  Specifically, we discussed issues described in the attached document, which was filed in this proceeding yesterday.  All of the arguments made were consistent with AT&T's written submissions filed in that proceeding.


One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.


                                        Sincerely,

                                        *Robert W. Quinn Jr.*



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 22, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: ***AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card
Services***, **WC Docket No. 03-133**

        Yesterday, I spoke with Christopher Libertelli and Aaaron Goldberger, Senior Legal
Adviser and Counsel to the Chairman respectively, regarding the aforementioned dockets. The
purpose of that discussion was related to AT&T's enhanced prepaid calling card services at issue
in the aforementioned proceeding. Specifically, we discussed issues described in the attached
document, which was also filed in this proceeding yesterday. All of the arguments made were
consistent with AT&T's written submissions filed in that proceeding.


One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance
with the Commission's rules.



                                                Sincerely,

                                                Robert W. Quinn Jp.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 22, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

Yesterday, I spoke with Steve Morris, Deputy Chief of the Wireline Competition Bureau's Pricing Division regarding the aforementioned dockets.  The purpose of that discussion was related to AT&T's enhanced prepaid calling card services at issue in the aforementioned proceeding. Specifically, we discussed issues described in the attached document, which was also filed in this proceeding yesterday.  All of the arguments made were consistent with AT&T's written submissions filed in that proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

Sincerely,

*Robert W. Quinn Jr.*



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

July 22, 2004

<u>VIA ELECTRONIC FILING</u>

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

   Yesterday, I spoke with Dan Gonzalez, Senior Legal Adviser to Commissioner Kevin Martin, regarding the aforementioned dockets. The purpose of that discussion was related to AT&T's enhanced prepaid calling card services at issue in the aforementioned proceeding. Specifically, we discussed issues described in the attached document, which was also filed in this proceeding yesterday. All of the arguments made were consistent with AT&T's written submissions filed in that proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

        Sincerely,

        Robert W. Quinn Jr.



Amy L. Alvarez
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

July 28, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid
Card Services*, WC Docket No. 03-133

Dear Ms. Dortch:

Yesterday, James Cicconi, AT&T Corp. General Counsel and Executive Vice President,
Law & Government Affairs, had a telephone conversation with Commissioner Jonathan
Adelstein to discuss matters related to AT&T's petition for declaratory ruling regarding
enhanced prepaid card services.  The issues discussed were consistent with AT&T's written
submissions filed in the above-referenced proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in
accordance with Section 1.1206 of the Commission's rules.

Sincerely,

Amy L Alvarez



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

August 9, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:     *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

Dear Ms. Dortch:

On Friday, August 6, 2004, Robert Quinn and I met with Steve Morris, Jennifer McKee and Cathy Carpino of the Wireline Competition Bureau.   Judy Sello, also of AT&T, participated via conference call.  The purpose of this meeting was to discuss issues pertaining to AT&T's petition for declaratory ruling regarding enhanced prepaid card services.

In particular, we stressed that the Commission must ensure that it treats facilities-based and non-facilities-based providers equally and that it would be patently unlawful for the Commission to issue any order in this proceeding that singled out AT&T (or vertically-integrated providers) for disparate regulatory treatment.  In addition, we reiterated that the prepaid card market is highly competitive and provides an important social benefit, especially to those consumers who are most in need of a low-cost alternative to a traditional telephone subscription plan.  The arguments made were consistent with AT&T's prior written submissions in the above-referenced proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

Sincerely,

*Amy L. Alvarez*



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

November 1, 2004

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:     *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

Dear Ms. Dortch:

        The attached documents are being filed to provide further confirmation that AT&T's enhanced prepaid card service is an information service.  These materials include: AT&T's proposed revisions to its Cost Allocation Manual (CAM) filed with the Commission on December 30, 1994; the Commission's January 19, 1995 Public Notice seeking comment on AT&T's proposed revisions; and a document that provides additional details of the December 30, 1994 CAM filing and explains that under the governing Commission rules, AT&T's position that its advertising-enhanced prepaid card service was an enhanced service (and therefore to be accounted for as a "nonregulated" service in AT&T's CAM) was "deemed accepted" when the Commission chose not to challenge it during the mandatory 60 day notice period.

        One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with Section 1.1206 of the Commission's rules.

                                                Sincerely,

                                                *Amy L Alvarez*

cc:     Jeffrey Carlisle
        Michelle Carey
        Tamara Preiss
        Steve Morris
        Paul Moon



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

November 4, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

     Yesterday, I spoke with Tamara Preiss, Pricing Division Chief for the Wireline Competition Bureau, regarding the aforementioned docket.  We discussed issues related to AT&T's Petition, in particular the issues raised by AT&T's ex parte filings made on October 12, 2004 and November 1, 2004 in this proceeding. The arguments made during the discussion were consistent with those and other written submissions made by AT&T filed in this proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

                     Sincerely,

                  Robert W. Quinn Jr.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

November 29, 2004

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

     On Wednesday November 24, 2004, I spoke with Christopher Libertelli, Senior legal Adviser to Chairman Powell, regarding the aforementioned docket.  We discussed issues related to AT&T's Petition, in particular the issues raised by AT&T's ex parte filings made on November 22, 2004 and November 23, 2004 in this proceeding. The arguments made during the discussion were consistent with those and other written submissions made by AT&T filed in this proceeding.

     One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

Sincerely,

Robert W. Quinn Jr.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

January 25, 2005

<u>VIA ELECTRONIC FILING</u>

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, WC Docket No. 03-133


      Earlier today, David Dorman, Chairman of the Board and Chief Executive Officer of AT&T, spoke on the telephone with Chairman Michael Powell to discuss issues related to the aforementioned proceeding.  In particular, Mr. Dorman discussed the chronology of AT&T's Enhanced Prepaid Card service before the Commission, including the adjustments made to AT&T's Cost Allocation Manual to accommodate the introduction of that service in 1994.  In addition, Mr. Dorman discussed AT&T's reasonable and continued reliance upon FCC precedent in concluding that its prepaid service was both an interstate and an information service.  Finally, Mr. Dorman reiterated that applying a retroactive ruling on the issue would inhibit or forestall investment in these and other new information service technologies coming to market, including VoIP services.

      The arguments made during the discussion were consistent with those and other written submissions made by AT&T filed in this proceeding.  One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.


Sincerely,

Robert W. Quinn Jr.



**Robert W. Quinn, Jr.**
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

February 14, 2005

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, **WC Docket No. 03-133**

   On Friday, February 11, 2005, I met with Scott Bergmann, Legal Advisor to Commissioner Adelstein, to discuss issues related to the aforementioned proceeding. In particular, we discussed the chronology of AT&T's Enhanced Prepaid Card service before the Commission, including the adjustments made to AT&T's Cost Allocation Manual to accommodate the introduction of that service in 1994. In addition, we discussed AT&T's reasonable and continued reliance upon FCC precedent in concluding that its prepaid service was both an interstate and an information service. Finally, we reiterated that applying a retroactive ruling on the issue would inhibit or forestall investment in these and other new information service technologies coming to market, including VoIP services. The arguments made during the discussion were consistent with those and other written submissions made by AT&T filed in this proceeding.

   One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

          Sincerely,

          Robert W. Quinn Jr.



Robert W. Quinn, Jr.
Federal Government Affairs
Vice President

Suite 1000
1120 20th Street NW
Washington DC  20036
202 457 3851
FAX 202 457 2545

February 14, 2005

VIA ELECTRONIC FILING

Ms. Marlene Dortch
Secretary
Federal Communications Commission
445 12ᵗʰ Street, SW, Room TWB-204
Washington, DC  20554

Re: *AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid Card Services*, WC Docket No. 03-133

Over the past several days, James Cicconi, General Counsel and Executive Vice President for Law & Government Affairs of AT&T Corp., has had two conversations with Commissioner Kevin Martin, to discuss issues related to the aforementioned proceeding.  In particular, Mr. Cicconi discussed the chronology of AT&T's Enhanced Prepaid Card service before the Commission, including the adjustments made to AT&T's Cost Allocation Manual to accommodate the introduction of that service in 1994. In addition, he discussed AT&T's reasonable and continued reliance upon FCC precedent in concluding that its prepaid service was both an interstate and an information service.  Finally, he reiterated that applying a retroactive ruling on the issue would inhibit or forestall investment in these and other new information service technologies coming to market, including VoIP services.  The arguments made during the discussion were consistent with those and other written submissions made by AT&T filed in this proceeding.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in accordance with the Commission's rules.

Sincerely,

Robert W. Quinn Jr.



**Amy L. Alvarez**
Federal Government Affairs

Suite 1000
1120 20th Street, NW
Washington DC  20036
202-457-2315
FAX 281-664-9610

April 6, 2005

Ms. Marlene H. Dortch
Secretary
Federal Communications Commission
445 12th Street, SW, Room TWB-204
Washington, DC  20554

Re:    ***AT&T Corp. Petition for Declaratory Ruling Regarding Enhanced Prepaid
Card Services*, WC Docket No. 03-133**

Dear Ms. Dortch:

Today Robert Quinn and I, of AT&T, and James Young of Sidley Austin Brown and
Wood met with Tamara Preiss, Steve Morris, Narda Jones, Tom Buckley, and Warren Firschein
of the Wireline Competition Bureau.   Judy Sello, also of AT&T, participated via conference
call.  The purpose of this meeting was to discuss AT&T's request that the Commission grant a
stay pending appeal of the Commission Order issued on February 23, 2005 in the above-
referenced proceeding.    The arguments made were consistent with the Motion for Stay filed by
AT&T on March 28, 2005.

One electronic copy of this Notice is being submitted to the Secretary of the FCC in
accordance with Section 1.1206 of the Commission's rules.

Sincerely,

Amy L Alvarez