IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ACCESS CHARGE LITIGATION ) | |
| ) | |
| ) | Civil Action No. 05-1360 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| PRAIRIE GROVE TELEPHONE CO. ) | |
| ) | |

**REPLY TO COUNTERCLAIMS**

Plaintiff Prairie Grove Telephone Company ("Prairie Grove"), by and through its attorneys for its answer to the counterclaim filed by Defendant AT&T Corp. ("AT&T"), states as follows:

All allegations not specifically admitted are denied.

**JURISDICTION AND VENUE**

1.      These Counterclaims are filed in part to collect damages caused by illegal acts of Prairie Grove, a common carrier subject to the Communications Act of 1934, as amended by the Telecommunications Act of 1996. These Counterclaims therefore arise under Section 206 of the Communications Act of 1934, 47 U.S.C. § 206, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 47 U.S.C. § 207. In addition, this Court has jurisdiction over AT&T's state-law Counterclaims pursuant to 28 U.S.C. § 1367.

**ANSWER NO. 1:**    Prairie Grove admits that it is a common carrier subject to the Communications Act of 1934, as amended by the Telecommunications Act of 1996, and that the Court has jurisdiction over AT&T's claims under 28 U.S.C. §§1331, 1337 and 1367. All other allegations in paragraph 1 are denied.

**PARTIES**

2.      Defendant/Counterclaim Plaintiff AT&T Corp. ("AT&T") is a New York corporation with its principal place of business in Bedminster, New Jersey. AT&T provides,

among other things, telecommunications services throughout the United States, including in the District of Columbia.

**ANSWER NO. 2:**   Admitted, on information and belief.

3.   The Plaintiff/Counterclaim Defendant is Prairie Grove Telephone Company ("Prairie Grove"). Prairie Grove is an Arkansas corporation and is the incumbent local exchange carrier ("ILEC"), providing local telephone and other telecommunications services in and around Prairie Grove, Arkansas. Prairie Grove's principal place of business is 139 N. Mock Street, PO Box 1010, Prairie Grove, AR 72753.

**ANSWER NO. 3:**   Admitted.

## BACKGROUND

4.   Prairie Grove seeks, through this proceeding, to collect unspecified access charges with respect to phone-to-phone IP telephony service and enhanced prepaid service calls that AT&T delivered to Prairie Grove during the past several years. AT&T delivered phone-to-phone IP telephony service and enhanced prepaid service calls to Prairie Grove for completion to the called parties. AT&T paid all applicable charges for Prairie Grove's completion of those calls. With respect to the phone-to-phone IP telephony service and certain of the enhanced prepaid service calls at issue, Prairie Grove now contends that AT&T should have paid higher access charges set forth in Prairie Grove's federal and state access tariffs. With respect to certain other enhanced prepaid service calls at issue, Prairie Grove alleges that AT&T should have paid the higher intrastate access charge rates, and not the lower interstate access charge rates, set forth in Prairie Grove's federal and state access tariffs. In particular, Prairie Grove alleges that it is entitled to collect additional access charges under various state and federal access tariffs.

**ANSWER NO. 4:**   Prairie Grove denies the allegations of the third sentence of

paragraph 4, denies the characterization of the telephone calls at issue in its Complaint as

"phone-to-phone IP telephony service and enhanced prepaid service calls," and otherwise admits

the allegations of paragraph 4.

5.   AT&T denies that it has any liability to Prairie Grove under Prairie Grove's federal and state access tariffs in connection with the phone-to-phone IP telephony service and enhanced prepaid service calls that Prairie Grove terminated. In the event it is determined that AT&T has liability for access charges under Prairie Grove's federal and state access tariffs, however, AT&T counterclaims that any federal or state access tariff provisions determined to require AT&T to pay access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls that are the subject of this lawsuit are unjust, unreasonable and discriminatory in violation of the federal Communications Act and state law. Among other things, it would be unjust, unreasonable and discriminatory for Prairie Grove to collect additional access charges under its tariffs when Prairie Grove has not issued any bills for such charges to AT&T (as required by its own access tariffs as a condition precedent to payment obligations), AT&T has not refused to pay such bills, Prairie Grove had offered AT&T other services and has accepted,

without protest, AT&T's payments for those different services, AT&T has relied upon these arrangements to make substantial investments in infrastructure, AT&T has complied in all material respects with the terms of the tariffs under which it exchanged this traffic with Prairie Grove, and Prairie Grove has not (until years after the fact) sought retroactive payment of access charges under its federal and state access tariffs.

**ANSWER NO. 5:**   Denied

6.   Prairie Grove is a common carrier, public utility and public service corporation within the meaning of the Communications Act and state law, respectively, and it acts in these capacities to the extent it provides access services to AT&T.

**ANSWER NO. 6:**   Admitted.

7.   Sections 201 and 202 of the Communications Act and analogous state statutes deem illegal all "unjust" "unreasonable" and "discriminatory" charges and practices by common carrier. *See, e.g.,* 47 U.S.C. §§ 201, 202. Retroactive imposition and collection of access charges under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these laws, and Prairie Grove's access charge tariff provisions are unjust, unreasonable and discriminatory to the extent that they are deemed to apply to the phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case.

**ANSWER NO. 7:**   The allegations of paragraph 7 are characterizations and

conclusions of law to which no response is required.  To the extent that a response is necessary,

all allegations are denied.

## COUNT I

### (Violating 47 U.S.C. §§ 201 and 202 by Retroactive Imposition of Access Charges)

8.   AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER NO. 8:**   Prairie Grove incorporates by reference its answers to the

preceding paragraphs of the Counterclaim as if set forth herein.

9.   Under federal law, unjust, unreasonable and discriminatory tariff provisions are unlawful. Moreover, it is unlawful for a common carrier to impose unjust, unreasonable or discriminatory charges or to engage in unjust, unreasonable or discriminatory practices, including unjust or unreasonable applications of its tariffs. 47 U.S.C. §§ 201, 202. To the extent that they are deemed to require payment of access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case, the federal access tariff provisions that Prairie Grove asserts here are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of the Communications Act. Retroactive imposition of access charges under Prairie Grove's federal access tariffs under the

circumstances presented here would be unjust, unreasonable and discriminatory in violation of the Communications Act, and would cause substantial damage to AT&T.

**ANSWER NO. 9:** AT&T's statements in its paragraph 9 are conclusions of law to which no response is required. To the extent that a response is necessary to the third and fourth sentences, those allegations are denied.

## COUNT II

### (Violating State Law Prohibitions Against Unjust, Unreasonable And Nondiscriminatory Tariffs, Charges And Practices by Retroactive Imposition of Access Charges)

10. AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER NO. 10:** Prairie Grove incorporates by reference its answers to the preceding paragraphs of the Counterclaim as if set forth herein.

11. Under state law, unjust, unreasonable and discriminatory tariff provisions are unlawful. Moreover, it is unlawful for a common carrier to impose unjust, unreasonable and discriminatory charges or to engage in unjust, unreasonable or discriminatory practices. To the extent that they are deemed to require payment of access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case, Prairie Grove's state access tariffs are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of these state laws. Retroactive imposition of access charges under Prairie Grove's state access tariffs under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these state laws, and would cause substantial damage to AT&T.

**ANSWER NO. 11:** AT&T's statements in its paragraph 11 are conclusions of law to which no response is required. To the extent that a response is necessary to the third and fourth sentences, those allegations are denied.

### ANSWER TO PRAYER FOR RELIEF

Prairie Grove denies that AT&T is entitled to any of the relief it seeks.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

AT&T's Counterclaim is barred because it fails to state claims upon which relief can be granted.

**Second Affirmative Defense**
AT&T's Counterclaim is barred because AT&T engaged in fraud.

**Third Affirmative Defense**
AT&T's Counterclaim is barred by the doctrine of unclean hands.

**Fourth Affirmative Defense**
AT&T's Counterclaim is barred by the filed tariff doctrine to the extent that its claims rely upon an assertion that Plaintiffs' tariffs are unjust, unreasonable, unlawful or otherwise inapplicable.

**Fifth Affirmative Defense**
AT&T's Counterclaim is barred by the doctrines of waiver and estoppel.

**Sixth Affirmative Defense**
AT&T's Counterclaim is barred by its failure to mitigate damages.

**Seventh Affirmative Defense**
AT&T's Counterclaim is barred by the doctrine of unjust enrichment.

**Eighth Affirmative Defense**
AT&T's Counterclaim is barred because of its prior breach of its obligations under Plaintiffs' tariffs and contracts.

**Ninth Affirmative Defense**
AT&T's Counterclaim is barred by its failure to act in a commercially reasonable manner.

**Tenth Affirmative Defense**
AT&T's Counterclaim is barred to the extent that the claims are outside the applicable statutes of limitations.

November 14, 2005	Respectfully submitted,

    /s/    Anitra D. Goodman
Eric J. Branfman (D.C. Bar No. 164186)
Joshua M. Bobeck (D.C. Bar No. 443620)
Anitra D. Goodman (D.C. Bar No. 484434)
SWIDLER BERLIN LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
202-424-7500

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon the attorneys of record for Defendants via first-class mail, postage prepaid, on this 14th day of November, 2005, as follows:

> David M. Schiffman
> Sidley Austin Brown & Wood LLP
> Bank One Plaza, 10 South Dearborn
> Chicago, IL  60603

        /s/ Anitra D. Goodman
**Attorneys for Plaintiffs**

9257525v1