## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| **ACCESS CHARGE LITIGATION** | ) | |
| | ) | **Civil Action No. 05-1360** |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| **LEXCOM TELEPHONE CO.** | ) | |
| | ) | |

## REPLY TO COUNTERCLAIMS  AND REPLY COUNTERCLAIM

Plaintiff Lexcom Telephone Company ("Lexcom"), by and through its attorneys for its answer

to the counterclaims filed by Defendant AT&T Corp. ("AT&T"), states as follows:

All allegations not specifically admitted are denied.

## JURISDICTION AND VENUE

1.      These Counterclaims are filed in part to collect damages caused by illegal acts of Lexcom, a common carrier subject to the Communications Act of 1934, as amended by the Telecommunications Act of 1996.  These Counterclaims therefore arise under Section 206 of the Communications Act of 1934, 47 U.S.C. § 206, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 47 U.S.C. § 207.  In addition, this Court has jurisdiction over AT&T's state-law Counterclaims pursuant to 28 U.S.C. § 1367.

**ANSWER NO. 1:**    Lexcom admits that it is a common carrier subject to the

Communications Act of 1934, as amended by the Telecommunications Act of 1996, and that the

Court has jurisdiction over AT&T's claims under 28 U.S.C. §§1331, 1337 and 1367.  All other

allegations in paragraph 1 are denied.

## PARTIES

2.      Defendant/Counterclaim Plaintiff AT&T Corp. ("AT&T") is a New York corporation with its principal place of business in Bedminster, New Jersey.  AT&T provides, among other things, telecommunications services throughout the United States, including in the District of Columbia.

**ANSWER NO. 2:**    Admitted, on information and belief.

3.      The Plaintiff/Counterclaim Defendant is Lexcom Telephone Company ("Lexcom").  Lexcom is an North Carolina corporation and is the incumbent local exchange

carrier ("ILEC") as defined by 47 U.S.C. § 251(h), providing local telephone and other telecommunications services in and around Lexington, North Carolina. Lexcom's principal place of business is 200 North State Street, Lexington, NC 27293.

**ANSWER NO. 3:**   Admitted.

## BACKGROUND

4.    Lexcom seeks, through this proceeding, to collect unspecified access charges with respect to phone-to-phone IP telephony service and enhanced prepaid service calls that AT&T delivered to Lexcom during the past several years. AT&T delivered phone-to-phone IP telephony service and enhanced prepaid service calls to Lexcom for completion to the called parties. AT&T paid all applicable charges for Lexcom's completion of those calls. With respect to the phone-to-phone IP telephony service and certain of the enhanced prepaid service calls at issue, Lexcom now contends that AT&T should have paid higher access charges set forth in Lexcom's federal and state access tariffs. With respect to certain other enhanced prepaid service calls at issue, Lexcom alleges that AT&T should have paid the higher intrastate access charge rates, and not the lower interstate access charge rates, set forth in Lexcom's federal and state access tariffs. In particular, Lexcom alleges that it is entitled to collect additional access charges under various state and federal access tariffs.

**ANSWER NO. 4:**   Lexcom denies the allegations of the third sentence of paragraph 4,

denies the characterization of the telephone calls at issue in its Complaint as "phone-to-phone IP

telephony service and enhanced prepaid service calls," and otherwise admits the allegations of

paragraph 4.

5.    AT&T denies that it has any liability to Lexcom under Lexcom's federal and state access tariffs in connection with the phone-to-phone IP telephony service and enhanced prepaid service calls that Lexcom terminated. In the event it is determined that AT&T has liability for access charges under Lexcom's federal and state access tariffs, however, AT&T counterclaims that any federal or state access tariff provisions determined to require AT&T to pay access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls that are the subject of this lawsuit are unjust, unreasonable and discriminatory in violation of the federal Communications Act and state law. Among other things, it would be unjust, unreasonable and discriminatory for Lexcom to collect additional access charges under its tariffs when Lexcom has not issued any bills for such charges to AT&T (as required by its own access tariffs as a condition precedent to payment obligations), AT&T has not refused to pay such bills, Lexcom had offered AT&T other services and has accepted, without protest, AT&T's payments for those different services, AT&T has relied upon these arrangements to make substantial investments in infrastructure, AT&T has complied in all material respects with the terms of the tariffs under which it exchanged this traffic with Lexcom, and Lexcom has not (until years after the fact) sought retroactive payment of access charges under its federal and state access tariffs.

**ANSWER NO. 5:**    Denied.

6.    Lexcom is a common carrier, public utility and public service corporation within the meaning of the Communications Act and state law, respectively, and it acts in these capacities to the extent it provides access services to AT&T.

**ANSWER NO. 6:**    Admitted.

7.    Sections 201 and 202 of the Communications Act and analogous state statutes deem illegal all "unjust" "unreasonable" and "discriminatory" charges and practices by common carrier. *See, e.g.*, 4 7 U.S.C. § § 201, 202.  Retroactive imposition and collection of access charges under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these laws, and Lexcom's access charge tariff provisions are unjust, unreasonable and discriminatory to the extent that they are deemed to apply to the phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case.

**ANSWER NO. 7:**    The allegations of paragraph 7 are characterizations and

conclusions of law to which no response is required.  To the extent that a response is necessary,

all allegations are denied.

8.    Wireless telephone providers often purchase wholesale long distance services from AT&T and other long distance carriers to provide long distance service to subscribers.  To complete a long distance call placed by a wireless subscriber, AT&T obtains the call from the subscriber's wireless carrier and carries that call over AT&T's long distance network.  AT&T delivers the call to a local exchange carrier ("LEC"), and the LEC terminates the call to its local subscriber (*i.e.*, the called party). For the wireless-originated calls at issue here, AT&T purchased "terminating access" service from Lexcom, the terminating LEC.

**ANSWER NO. 8:**    Lexcom admits the first sentence of paragraph 8 and admits that

AT&T has purchased "terminating access" service from Lexcom, as a terminating LEC.

Lexcom is without information sufficient to respond to the other allegations of paragraph 8 and

therefore denies them.

9.    Under the current federal and state regulatory regime governing access charges, Lexcom generally charges higher terminating access rates to complete long distance calls between parties located in the same state ("*intra*state calls") than it charges when the parties are located in different states ("*inter*state calls").  This case arises out of Lexcom's application of an erroneous and unlawful assumption that *all* calls to and from a wireless telephone are intrastate calls, and therefore subject to the higher intrastate access charges, when the phone number assigned to the wireless telephone is from the same state as the telephone number assigned to the other party to the call.  For example, an *inter*state call takes place when a North Carolina resident – whose cell phone has a "North Carolina number" (*i.e.*, a number with an area code geographically associated with the State of North Carolina) – travels to Virginia and makes a

wireless call home to North Carolina. Lexcom, however, charges AT&T the higher North Carolina *intra*state access charge for that call (on the ground that both the calling and the called numbers are North Carolina numbers).

**ANSWER NO. 9:**  Denied.

10.    Lexcom's treatment of *inter*state wireless calls as if they were *intra*state calls violates Lexcom's tariffs. Those tariffs require Lexcom to use jurisdictional allocations supplied by AT&T (that Lexcom may audit) where, as here, Lexcom's "call detail" information (which includes the telephone numbers) is insufficient to identify whether the calls are interstate or intrastate.

**ANSWER NO. 10:**  Denied. Lexcom further states that Lexcom's studies showed that

the jurisdictional allocations supplied by AT&T were inaccurate.

11.    Lexcom's application of *intra*state access rates to all such wireless telephone calls also violates the Communications Act of 1934, as amended by the Telecommunications Act of 1996 (collectively "the Act"), as well as orders and regulations of the Federal Communications Commission ("FCC"), which require access charges to be based on actual geographic locations, not on the area codes assigned to the telephones used to place the calls.

**ANSWER NO. 11:**  The allegations in paragraph 11 are conclusions of law to which no

response is required. To the extent that a response is necessary, those allegations are denied.

12.    By unlawfully charging the higher intrastate access charges rather than the lower interstate access charges to AT&T for interstate calls, Lexcom has overcharged AT&T for access services, in violation of Section 201 of the Act and FCC Orders and regulations. And because Lexcom's unlawful scheme focuses on long-distance wireless calls, and AT&T carries a large volume of such calls, Lexcom's conduct unlawfully discriminates against AT&T compared to long-distance carriers that carry fewer long distance wireless calls.

**ANSWER NO. 12:**  Denied.

## COUNT I

(Violating 47 U.S.C. §§ 201 and 202 by Retroactive Imposition of Access Charges)

13.    AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER NO. 13:**  Lexcom incorporates by reference its answers to the preceding

paragraphs of the Counterclaim as if set forth herein.

14.    Under federal law, unjust, unreasonable and discriminatory tariff provisions are unlawful. Moreover, it is unlawful for a common carrier to impose unjust, unreasonable or

discriminatory charges or to engage in unjust, unreasonable or discriminatory practices, including unjust or unreasonable applications of its tariffs. 47 U.S.C. §§ 201, 202. To the extent that they are deemed to require payment of access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case, the federal access tariff provisions that Lexcom asserts here are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of the Communications Act. Retroactive imposition of access charges under Lexcom's federal access tariffs under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of the Communications Act, and would cause substantial damage to AT&T.

**ANSWER NO. 14:**  AT&T's statements in its paragraph 14 are conclusions of law to which no response is required.  To the extent that a response is necessary to the third and fourth sentences, those allegations are denied.

## COUNT II

(Violating State Law Prohibitions Against Unjust, Unreasonable And Nondiscriminatory Tariffs, Charges And Practices by Retroactive Imposition of Access Charges)

15.    AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER NO. 15:**  Lexcom incorporates by reference its answers to the preceding paragraphs of the Counterclaim as if set forth herein.

16.    Under state law, unjust, unreasonable and discriminatory tariff provisions are unlawful. Moreover, it is unlawful for a common carrier to impose unjust, unreasonable and discriminatory charges or to engage in unjust, unreasonable or discriminatory practices.  To the extent that they are deemed to require payment of access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case, Lexcom's state access tariffs are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of these state laws. Retroactive imposition of access charges under Lexcom's state access tariffs under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these state laws, and would cause substantial damage to AT&T.

**ANSWER NO. 16:**  AT&T's statements in its paragraph 16 are conclusions of law to which no response is required.  To the extent that a response is necessary to the third and fourth sentences, those allegations are denied.

## COUNT III

(Breach of Federal Tariffs: Access Charges on Wireless Calls)

17.    AT&T incorporates the preceding paragraphs of the Counterclaim as if set forth here.

**ANSWER NO. 17:**  Lexcom incorporates by reference its answers to the preceding

paragraphs of the Counterclaim as if set forth here.

18.    The terms that govern the jurisdictional reporting of long distance calls for access charge purposes for North Carolina are set forth in Lexcom Telephone Company Tariff F.C.C. No. 1, which references in part the National Exchange Carrier Association, Inc. Tariff FCC No. 5, and various state tariffs.

**ANSWER NO. 18:**  Admitted.

19.    Lexcom's tariffs provide, among other things, that Lexcom must use the reports produced by AT&T's jurisdictional studies when Lexcom cannot identify through call detail information whether a call carried by AT&T's long distance network is interstate or intrastate.

**ANSWER NO. 19:**  Lexcom states that its tariffs speak for themselves, and objects to

AT&T's characterization of Lexcom's tariffs.

20.    Lexcom cannot identify through call detail the proper jurisdiction for the wireless calls carried over AT&T's network.

**ANSWER NO. 20:**  Denied.

21.    AT&T has provided Lexcom with its jurisdictional reports for the wireless calls carried over AT&T's network.

**ANSWER NO. 21:**  Lexcom admits that AT&T has provided certain jurisdictional

reports for wireless calls carried over AT&T's network, but denies that those reports were

accurate, and denies all other allegations of paragraph 21.

22.    Lexcom does not use AT&T's jurisdictional reports for wireless calls carried over AT&T's network.

**ANSWER NO. 22:**  Lexcom admits that it has not used the jurisdictional reports for

wireless calls provided by AT&T and states that it did not use AT&T's reports because

Lexcom's studies showed the reports to be inaccurate.

23.    AT&T has fully performed its obligations under Lexcom's federal tariffs, except for those that it was prevented from performing, those that it was excused from performing, or those that were waived by Lexcom's misconduct as alleged herein.

**ANSWER NO. 23:**  Denied.

24.    Lexcom materially violated Lexcom's federal tariffs by failing to use the jurisdictional reports provided by AT&T.

**ANSWER NO. 24:**  Denied.

25.    AT&T has been damaged by the conduct of Lexcom in an amount to be determined at trial.

**ANSWER NO. 25:**  Denied.

## COUNT IV

(Unjust and Unreasonable Charges and Practices: Access Charges on Wireless Calls)

26.    AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER NO. 26:**  Lexcom incorporates by reference its answers to the preceding

paragraphs of the Counterclaim as if set forth here.

27.    The Act and the implementing rules, regulations and orders of the FCC require Lexcom to allocate calls between parties located in different states to the interstate jurisdiction, and to apply interstate access rates to those calls.

**ANSWER NO. 27:**  Paragraph 27 states a conclusion of law to which no response is

required.

28.    Lexcom unlawfully allocates calls between parties located in different states to the intrastate jurisdiction, rather than the interstate jurisdiction, and charges AT&T substantially higher intrastate access rates for those calls.

**ANSWER NO. 28:**  Denied.

29.    Applying the higher intrastate access charges to interstate calls results in unjust and unreasonable charges, practices, and classifications.

**ANSWER NO. 29:**  Paragraph 29 states a conclusion of law to which no response is required.  If a response is deemed required, Lexcom denies that it applied higher intrastate access charges to interstate calls, and denies that its conduct resulted in unjust and unreasonable charges, practices, and classifications.

30.    The Act declares any charge, practice or classification that is unjust or unreasonable to be unlawful. *See* 47 U.S.C. § 201.

**ANSWER NO. 30:**  Lexcom states that the Act speaks for itself, and therefore no response is required.

31.    AT&T has been damaged by the conduct of Lexcom in an amount to be determined at trial.

**ANSWER NO. 31:**  Denied.

<u>COUNT V</u>

(Unjust and Unreasonably Discriminatory and Preferential Treatment:  Access Charges on Wireless Calls)

32.    AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER NO. 32:**  Lexcom incorporates by reference its answers to the preceding paragraphs of the Counterclaim as if set forth here.

33.    Lexcom unlawfully treats wireless calls between parties located in different states as intrastate calls subject to the intrastate jurisdiction, rather than the interstate jurisdiction, and bills AT&T at intrastate access rates for those interstate calls.

**ANSWER NO. 33:**  Denied.

34.    Lexcom's unlawful conduct discriminates against AT&T because it forces AT&T, which carries a large number of wireless calls, to pay higher effective access rates than carriers that carry a smaller number of wireless calls.

**ANSWER NO. 34:**  Denied.

35.    The Act prohibits Lexcom from engaging in "discriminatory" or "preferential" treatment of carriers.  *See* 47 U.S.C. § 202.

**ANSWER NO. 35:**  Lexcom states that the Act speaks for itself, and therefore no response is required.

36.    AT&T has been damaged by the conduct of Lexcom in an amount to be determined at trial.

**ANSWER NO. 36:**  Denied.

## ANSWER TO PRAYER FOR RELIEF

Lexcom denies that AT&T is entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

AT&T's Counterclaim is barred because it fails to state claims upon which relief can be granted.

### Second Affirmative Defense

AT&T's Counterclaim is barred because AT&T engaged in fraud.

### Third Affirmative Defense

AT&T's Counterclaim is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

AT&T's Counterclaim is barred by the filed tariff doctrine to the extent that its claims rely upon an assertion that Plaintiffs' tariffs are unjust, unreasonable, unlawful or otherwise inapplicable.

### Fifth Affirmative Defense

AT&T's Counterclaim is barred by the doctrines of waiver and estoppel.

### Sixth Affirmative Defense

AT&T's Counterclaim is barred by its failure to mitigate damages.

### Seventh Affirmative Defense

AT&T's Counterclaim is barred by the doctrine of unjust enrichment.

**Eighth Affirmative Defense**

AT&T's Counterclaim is barred because of its prior breach of its obligations under Plaintiffs' tariffs and contracts.

**Ninth Affirmative Defense**

AT&T's Counterclaim is barred by its failure to act in a commercially reasonable manner.

**Tenth Affirmative Defense**

AT&T's Counterclaim is barred to the extent that the claims are outside the applicable statutes of limitations.

**Eleventh Affirmative Defense**

AT&T's Counterclaim is barred in whole or in part by the doctrines of setoff and recoupment.

**REPLY COUNTERCLAIM**

Lexcom for its Reply Counterclaim against AT&T, states as follows:

**JURISDICTION AND VENUE**

1.      This is in significant part a collection action for payments arising under section 203 of the Communications Act of 1934, 47 U.S.C. § 203, and Plaintiff's interstate access tariff filed thereunder.  This Court accordingly has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 47 U.S.C. § 207.  In addition, since AT&T is a common carrier, Plaintiff's claims also arise under section 206 of the Communications Act of 1934, 47 U.S.C. § 206.  This Court has jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as AT&T has agents and transacts business in this district.

**ALLEGATIONS COMMON TO ALL COUNTS**

**PARTIES**

- 10 -

3.      Lexcom is a North Carolina corporation and is the incumbent local exchange carrier ("ILEC") as defined by 47 U.S.C. § 251(h), providing local telephone and other telecommunications services in and around Lexington, North Carolina.  Lexcom's principal place of business is 200 North State Street, Lexington, NC 27293.

4.      AT&T Corp. is a New York corporation with its principal place of business at 1 AT&T Way, Bedminster, New Jersey, 07921.  AT&T Corp. provides, among other things, telecommunications services throughout the United States, including in the District of Columbia. AT&T Corp. can be served with process by serving its registered agent for service of process: CT Corporation System, 1015 15th Street, N.W., Suite 1000, Washington, D.C.  20005.

5.      AT&T Communications, Inc. is a wholly owned subsidiary of AT&T Corp. AT&T Communications, Inc., with its principal place of business at 1 AT&T Way, Bedminster, New Jersey 07921, can be served with process by serving its registered agent for service of process: CT Corporation System, 1015 15th Street, N.W., Suite 1000, Washington, D.C.  20005.

## **BACKGROUND**

6.      AT&T's Counterclaims Counts III, IV, and V seek a refund of the difference between intrastate terminating access charges and interstate terminating access on calls for which AT&T claims to have paid intrastate charges when lesser interstate charges were in fact due. AT&T asserts in its counterclaims that Lexcom wrongly based its access charges on the wireless customer's area code when in fact some of those customers with North Carolina areas codes placed those calls to Lexcom customers while physically located outside of North Carolina. AT&T claims that in such cases it paid higher intrastate access charges when in fact it should have paid lower interstate access charges.

7.      Lexcom denies liability on this AT&T theory, but in the event that it is determined that Lexcom is liable to AT&T on this theory, then Lexcom counterclaims on the basis that in a roughly equal number of instances AT&T paid the lower interstate access charge when in fact a higher intrastate access charge was in fact owed.  Such would be the result if a wireless customer with an area code outside of North Carolina, while physically located inside of North Carolina, placed a call carried by AT&T to a Lexcom customer.

## COUNT I
### (BREACH OF STATE TARIFF)

8.      Plaintiff incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Reply Counterclaim.

9.      Plaintiff's rates and terms for intrastate access charges are set forth in BellSouth Telecommunications, In. Industry Access Services Tariff filed with the North Carolina Utilities Commission.

10.      The tariff referenced above provides, among other things, that AT&T must pay Plaintiff's intrastate access charges for both originating access and terminating access.

11.      Plaintiff fully performed its obligations under the tariff referenced above, except those it was prevented from performing, those that it was excused from performing, or those that were waived by AT&T.

12.      AT&T materially violated the tariff referenced above by failing to pay the tariffed rates for the services it used.

13.      Plaintiff has been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Counterclaim Defendant/Reply Counterclaim Plaintiff prays

that this Court enter judgment against AT&T and grant relief as follows:

(a)    Money damages to be proven at trial, plus prejudgment interest;

(b)    restitution;

(c)    all costs and attorney's fees incurred by Plaintiff;

(d)    a full accounting of the number of interexchange minutes on calls where the caller and the ultimate called party were in the same state, sent by AT&T to be terminated by each Plaintiff on which AT&T did not pay an intrastate access charge;

(e)    such further relief as this Court deems appropriate and just.

## **JURY DEMAND**

Plaintiff hereby requests a jury trial on all issues and claims.

November 14, 2005                    Respectfully submitted,

                                     _____/s/_____Anitra D. Goodman_____
                                     Eric J. Branfman (D.C. Bar No. 164186)
                                     Joshua M. Bobeck (D.C. Bar No. 443620)
                                     Anitra D. Goodman (D.C. Bar No. 484434)
                                     SWIDLER BERLIN LLP
                                     3000 K Street, NW, Suite 300
                                     Washington, DC 20007
                                     202-424-7500

                                     **ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served upon the attorneys of record for Defendants via first-class mail, postage prepaid, on this 14th day of November, 2005, as follows:

> David M. Schiffman
> Sidley Austin Brown & Wood LLP
> Bank One Plaza, 10 South Dearborn
> Chicago, IL  60603

_____/s/ Anitra D. Goodman_____
**Attorneys for Plaintiffs**
