## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | ) |
| ACCESS CHARGE LITIGATION | ) |
| | ) |
| | ) Civil Action No. 05-1360 |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| CONSOLIDATED COMMUNICATIONS OF | ) |
| TEXAS CO., *et al.* | ) |
| | ) |

## REPLY TO COUNTERCLAIMS

Plaintiffs Consolidated Communications of Texas Company, Consolidated

Communications of Fort Bend Company, and Illinois Consolidated Telephone Company

(collectively "Consolidated"), by and through their attorneys for their answer to the counterclaim

filed by Defendant AT&T Corp. ("AT&T"), state as follows:

All allegations not specifically admitted are denied.


## JURISDICTION

1.      These Counterclaims are filed in part to collect damages caused by illegal acts of
Plaintiffs, common carriers subject to the Communications Act of 1934, as amended by the
Telecommunications Act of 1996.  These Counterclaims therefore arise under Section 206 of the
Communications Act of 1934, 47 U.S.C. § 206, and this Court has subject matter jurisdiction
pursuant to 28 U.S.C. §§ 1331 and 1337, and 47 U.S.C. § 207.  In addition, this Court has
jurisdiction over AT&T's state-law Counterclaims pursuant to 28 U.S.C. § 1367.

**ANSWER NO. 1:**      Consolidated admits that it is a common carrier subject to the

Communications Act of 1934, as amended by the Telecommunications Act of 1996, and that the

Court has jurisdiction over AT&T's claims under 28 U.S.C. §§1331, 1337 and 1367.  All other

allegations in paragraph 1 are denied.

## PARTIES

2.      Defendant/Counterclaim Plaintiff AT&T Corp. ("AT&T") is a New York
corporation with its principal place of business in Bedminster, New Jersey.  AT&T provides,
among other things, telecommunications services throughout the United States, including in the

District of Columbia.

      **ANSWER NO. 2:**    Admitted, on information and belief.

     3.    The Plaintiffs/Counterclaim Defendants are Consolidated Communications of Texas Company ("CCTX"), Consolidated Communications of Fort Bend Company ("CCFB"), and Illinois Consolidated Telephone Company ("ICTC").

      **ANSWER NO. 3:**    Admitted.

     4.    CCTX is a Texas corporation and is the incumbent local exchange carrier ("ILEC") as defined by 47 U.S.C. § 251(h), providing local telephone and other telecommunications services to rural communities in and around Conroe and Lufkin, Texas. CCTX was formerly known as "TXU Communications Telephone Company" before April 14, 2004, when control of the company was acquired by the entity now known as Consolidated Communications Holdings, Inc. ("Consolidated Holdings"). CCTX's principal place of business is 350 South Loop 336 West Conroe, TX 77304.

      **ANSWER NO. 4:**    Admitted.

     5.    CCFB is a Texas corporation and is the ILEC as defined by 47 U.S.C. § 251(h), providing local telephone and other telecommunications services to rural communities in and around Fort Bend, Texas. CCFB's principal place of business is 350 South Loop 336 West Conroe, TX 77304. CCFB was formerly known as "Fort Bend Telephone Company" before April 14, 2004, when control of the company was acquired by Consolidated.

      **ANSWER NO. 5:**    Admitted.

     6.    ICTC is an Illinois corporation and is the ILEC as defined by 47 U.S.C. § 251(h), providing local telephone and other telecommunications services in and around Mattoon, Illinois. ICTC's principal place of business is 121 South 17th Street, Mattoon, IL 61938.

      **ANSWER NO. 6:**    Admitted.

     7.    Each of the aforementioned Plaintiffs/Counterclaim Defendants is either a direct or an indirect subsidiary of Consolidated Holdings, a Delaware corporation with its principal place of business at 121 South 17th Street, Mattoon, IL 61938.

      **ANSWER NO. 7:**    Admitted.

## BACKGROUND

     8.    Plaintiffs seek, through this proceeding, to collect unspecified access charges with respect to phone-to-phone IP telephony service and enhanced prepaid service calls that AT&T delivered to Plaintiffs during the past several years. AT&T delivered phone-to-phone IP telephony service and enhanced prepaid service calls to Plaintiffs for completion to the called parties. AT&T paid all applicable charges for Plaintiffs' completion of those calls. With respect to the phone-to-phone IP telephony service and certain of the enhanced prepaid service calls at

issue, Plaintiffs now contend that AT&T should have paid higher access charges set forth in Plaintiffs' federal and state access tariffs. With respect to certain other enhanced prepaid service calls at issue, Plaintiffs allege that AT&T should have paid the higher intrastate access charge rates, and not the lower interstate access charge rates, set forth in Plaintiffs' federal and state access tariffs. In particular, Plaintiffs allege that they are entitled to collect additional access charges under various state and federal access tariffs.

**ANSWER NO. 8:**    Consolidated denies the allegations of the third sentence of

paragraph 8, denies the characterization of the telephone calls at issue in its Complaint as

"phone-to-phone IP telephony service and enhanced prepaid service calls," and otherwise admits

the allegations of paragraph 8.

9.    AT&T denies that it has any liability to Plaintiffs under Plaintiffs' federal and state access tariffs in connection with the phone-to-phone IP telephony service and enhanced prepaid service calls that Plaintiffs terminated. In the event it is determined that AT&T has liability for access charges under Plaintiffs' federal and state access tariffs, however, AT&T counterclaims that any federal or state access tariff provisions determined to require AT&T to pay access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls that are the subject of this lawsuit are unjust, unreasonable and discriminatory in violation of the federal Communications Act and state law. Among other things, it would be unjust, unreasonable and discriminatory for Plaintiffs to collect additional access charges under its tariffs when Plaintiffs have not issued any bills for such charges to AT&T (as required by their own access tariffs as a condition precedent to payment obligations), AT&T has not refused to pay such bills, Plaintiffs have offered AT&T other services and have accepted, without protest, AT&T's payments for those different services, AT&T has relied upon these arrangements to make substantial investments in infrastructure, AT&T has complied in all material respects with the terms of the tariffs under which it exchanged this traffic with Plaintiffs, and Plaintiffs have not (until years after the fact) sought retroactive payment of access charges under their federal and state access tariffs.

**ANSWER NO. 9:**    Denied.

10.    Plaintiffs are common carriers, public utility and public service corporations within the meaning of the Communications Act and state law, respectively, and they act in these capacities to the extent they provide access services to AT&T.

**ANSWER NO. 10:**    Admitted.

11.    Sections 201 and 202 of the Communications Act and analogous state statutes deem illegal all "unjust" "unreasonable" and "discriminatory" charges and practices by common carrier. *See, e.g.*, 47 U.S.C. §§ 201, 202. Retroactive imposition and collection of access charges under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these laws, and Plaintiffs' access charge tariff provisions are unjust, unreasonable and discriminatory to the extent that they are deemed to apply to the phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case.

**ANSWER NO. 11:**    The allegations of paragraph 11 are characterizations and

conclusions of law to which no response is required.  To the extent that a response is necessary,

all allegations are denied.

## COUNT I
**(Violating 47 U.S.C. §§ 201 and 202 by Retroactive Imposition of Access Charges)**

12.    AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth
here.

**ANSWER NO. 12:**    Consolidated incorporates by reference its answers to the

preceding paragraphs of the Counterclaim as if set forth herein.

13.    Under federal law, unjust, unreasonable and discriminatory tariff provisions are
unlawful.  Moreover, it is unlawful for a common carrier to impose unjust, unreasonable or
discriminatory charges or to engage in unjust, unreasonable or discriminatory practices,
including unjust or unreasonable applications of its tariffs.  47 U.S.C. §§ 201, 202.  To the extent
that they are deemed to require payment of access charges on the past period phone-to-phone IP
telephony service and enhanced prepaid service calls at issue in this case, the federal access tariff
provisions that Plaintiffs assert here are unjust, unreasonable and discriminatory and impose
unjust, unreasonable and discriminatory charges in violation of the Communications Act.
Retroactive imposition of access charges under Plaintiffs' federal access tariffs under the
circumstances presented here would be unjust, unreasonable and discriminatory in violation of
the Communications Act, and would cause substantial damage to AT&T.

**ANSWER NO. 13:**    AT&T's statements in its paragraph 13 are conclusions of law to

which no response is required.  To the extent that a response is necessary to the third and fourth

sentences, those allegations are denied.

## COUNT II
**(Violating State Law Prohibitions Against Unjust, Unreasonable And Nondiscriminatory
Tariffs, Charges And Practices by Retroactive Imposition of Access Charges)**

14.    AT&T incorporates the preceding paragraphs of the Counterclaims as if set forth
here.

**ANSWER NO. 14:**    Consolidated incorporates by reference its answers to the

preceding paragraphs of the Counterclaim as if set forth herein.

15.    Under state law, unjust, unreasonable and discriminatory tariff provisions are

unlawful.  Moreover, it is unlawful for a common carrier to impose unjust, unreasonable and discriminatory charges or to engage in unjust, unreasonable or discriminatory practices.  To the extent that they are deemed to require payment of access charges on the past period phone-to-phone IP telephony service and enhanced prepaid service calls at issue in this case, Plaintiffs' state access tariffs are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of these state laws.  Retroactive imposition of access charges under Plaintiffs' state access tariffs under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these state laws, and would cause substantial damage to AT&T.

**ANSWER NO. 15:**    AT&T's statements in its paragraph 15 are conclusions of law to which no response is required.  To the extent that a response is necessary to the third and fourth sentences, those allegations are denied.

## ANSWER TO PRAYER FOR RELIEF

Consolidated denies that AT&T is entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

AT&T's Counterclaim is barred because it fails to state claims upon which relief can be granted.

### Second Affirmative Defense

AT&T's Counterclaim is barred because AT&T engaged in fraud.

### Third Affirmative Defense

AT&T's Counterclaim is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

AT&T's Counterclaim is barred by the filed tariff doctrine to the extent that its claims rely upon an assertion that Plaintiffs' tariffs are unjust, unreasonable, unlawful or otherwise inapplicable.

### Fifth Affirmative Defense

AT&T's Counterclaim is barred by the doctrines of waiver and estoppel.

### Sixth Affirmative Defense

AT&T's Counterclaim is barred by its failure to mitigate damages.

### Seventh Affirmative Defense

AT&T's Counterclaim is barred by the doctrine of unjust enrichment.

### **Eighth Affirmative Defense**

AT&T's Counterclaim is barred because of its prior breach of its obligations under

Plaintiffs' tariffs and contracts.

### **Ninth Affirmative Defense**

AT&T's Counterclaim is barred by its failure to act in a commercially reasonable

manner.

### **Tenth Affirmative Defense**

AT&T's Counterclaim is barred to the extent that the claims are outside the applicable

statutes of limitations.

Respectfully submitted,


            /s/      Anitra D. Goodman
Eric J. Branfman (D.C. Bar No. 164186)
Joshua M. Bobeck (D.C. Bar No. 443620)
Anitra D. Goodman (D.C. Bar No. 484434)
SWIDLER BERLIN LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
December 5, 2005                    202-424-7500

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon the attorneys of record for Defendants via first-class mail, postage prepaid, on this 5th day of December, 2005, as follows:

> David M. Schiffman
> Sidley Austin Brown & Wood LLP
> Bank One Plaza, 10 South Dearborn
> Chicago, IL  60603

_____/s/ Anita D. Goodman_____
**Attorneys for Plaintiffs**